Millage W. BECKER, Appellant,

v.

ALLSTATE INSURANCE
COMPANY, Appellee.

No. B14–83–821CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 7, 1984.

Sidney Ravkind, Houston, for appellant.

Howell E. Stone, Alice Giessel, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Millage W. Becker, appeals from a take nothing summary judgment in favor of appellee, Allstate Insurance Company. Appellant had been a tort plaintiff against an Allstate insured from whom he recovered a judgment in excess of the insured's policy limits. In the trial court below, appellant sought to recover directly from Allstate the excess judgment. The trial court granted appellee's Motion for Summary Judgment. We affirm.

In his sole point of error, appellant claims that the trial court erred in holding that he did not have standing to sue Allstate directly to recover the excess judgment. We disagree.

Appellant was a tort plaintiff in an action against an Allstate insured, Martha Devlin, and recovered a judgment against Devlin for $75,000. Prior to trial, appellant had offered to settle his claim for $35,000, an offer which Allstate refused. After trial, Allstate paid its policy limits of $50,000 to appellant, and appellant brought this action to recover the $25,000 excess judgment.

■ If an insurer breaches its duty to use ordinary care to protect the insured to the policy limits, it can be liable to the insured for an excess judgment. *Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W.2d 544 (Tex.Comm.App.1929). Appellant alleges this breach occurred when Allstate failed to accept the settlement offer.

■ Even if such a breach occurred, a *Stowers* action seems to belong to the insured alone. In 1971 the Texas Supreme Court suggested this limitation in dictum in *Hernandez v. Great American Ins. Co. of New York*, 464 S.W.2d 91 (Tex.1971). Two subsequent opinions refused to allow the injured party to sue the insurer directly for mismanagement of the insured's defense. *Sanford v. Allstate Ins. Co.*, 529 S.W.2d 84 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.); *Cook v. Superior Ins. Co.*, 476 S.W.2d 363 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.).

Appellant asserts, however, that under *Dairyland Mutual Ins. Co. of Texas v. Childress*, 650 S.W.2d 770 (Tex.1983), as the third party beneficiary of an insurance policy, the injured party should have a right to all of the provisions of the policy,

including the right to sue the insurer for the tort of mismanaging the defense of the insured. In *Childress*, the court held that the plaintiff was a third party beneficiary of the "statutorily required automobile liability coverage" and awarded attorney's fees based on the insurance contract.

*Childress*, however, is not applicable to our case. The court in *Childress* merely recognized that an injured party is a third party beneficiary of statutorily required coverage. In *Childress* the issue of sums in excess of the required limits was not before the court.

We overrule appellant's point of error. Accordingly, we affirm the judgment of the trial court.