**Robert A. CHAFFIN and G. Robert Friedman, Appellants,**

v.

**TRANSAMERICA INSURANCE COMPANY, Premier Insurance Company, and Crown Underwriters, Appellees.**

No. C14–86–393–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 28, 1987.

Rehearing Denied June 18, 1987.

J. Steven Houston, Houston, for appellants.

Kenneth N. Knox, Alvin M. Rosenthal, Houston, for appellees.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellants, Robert A. Chaffin and G. Robert Friedman, sued appellees, Transamerica Insurance Company, Premier Insurance Company (Transamerica's Houston claims office), and Crown Underwriters (Transamerica, Crown, or appellees), the insurer of a subcontractor hired by appellants. The suit alleged appellees' tortious handling of appellants' property damage claim against the subcontractor, U.S. Seal Corporation (U.S. Seal). The trial court granted summary judgment on the grounds that appellants had no cause of action against appellees. We affirm.

Appellants owned two Houston townhomes that were being remodeled. They subcontracted with U.S. Seal to waterproof the townhome roofs. Due to the negligence of U.S. Seal, both properties sustained damage during a rainstorm. U.S. Seal was informed of the damage, admitted liability, and notified its liability insurance carrier, Transamerica.[1] Transamerica denied the claim on the basis of no coverage. Transamerica neither conducted an investigation of the merits of the claim nor appraised the damage before closing the claim file without payment.

Appellants thereafter sued U.S. Seal to recover damages arising from its negligent repair work. They also brought suit against Transamerica and Crown for tortious handling of the property claim against U.S. Seal.

The summary judgment proof shows Transamerica later admitted no reason had existed for its previous denial of coverage. Over three years from the date of loss Transamerica paid to appellants $100,000, the limits of the liability policy held by its insured, U.S. Seal. Appellants' suit in negligence against U.S. Seal was then dismissed and U.S. Seal released from further liability. However, appellants continued their suit against Transamerica and Crown for tortious handling of the property claim, which they allege resulted in expenditures caused by their unnecessary litigation against U.S. Seal. Appellants sought to recover attorneys' fees, expenses of litigation against U.S. Seal, and interest on the money borrowed to repair the property until the settlement with U.S. Seal.

Transamerica moved for summary judgment on the grounds that appellants had no cause of action against Transamerica and Crown, since appellees' only duty was to U.S. Seal. The trial court granted final summary judgment in favor of Transamerica and Crown.[2]

Appellants bring their appeal from the rendition of summary judgment, asserting in a sole point of error that the trial court erred in granting appellees' motion for summary judgment. They claim that Texas law recognizes an independent cause of action by a third party against a tortfeasor's insurance carrier, arising from the carrier's wrongful denial of coverage under the tortfeasor's policy. Appellants premise their cause of action on four separate theories of recovery: (1) an exception to the general rule of tort law that attorneys' fees and expenditures incurred by a party to litigation are not recoverable against an adversary; (2) article 21.21 of the Texas Insurance Code; (3) a duty of good faith and fair dealing to a damaged third party; and (4) fraud.

■ We shall address appellants' position generally before discussing each theory of recovery. The summary judgment proof establishes that U.S. Seal Corporation alone is listed as the named insured of the comprehensive general liability policy in question; appellants are not listed on the

---

1. U.S. Seal actually notified appellee Crown, Transamerica's recording agent. Crown in turn filed a notice of loss form with Transamerica, which was then forwarded to Premier Insurance Company, its Houston claims office (also referred to as Transamerica).

2. The trial court had earlier entered interlocutory summary judgment in favor of Transamerica only, i.e. Transamerica and its Houston office, Premier Insurance. Crown subsequently moved for summary judgment on the grounds that it was an agent of Transamerica. The court then granted final summary judgment.

   U.S. Seal had filed a cross claim against Transamerica, which was dismissed in the final summary judgment.

policy as additional insureds or beneficiaries. There has never been a contractual relationship between Transamerica and appellants. Furthermore, they are not third party intended beneficiaries of the contract. *Cf. Dairyland County Mut. Ins. v. Childress*, 650 S.W.2d 770, 775–76 (Tex. 1983) (third parties injured in a motor vehicle accident are within the class of legally intended beneficiaries of an insurance policy purchased to satisfy the statutory requirement).[3] The liability policy held by U.S. Seal was purchased solely for the benefit of U.S. Seal. In sum, appellants derive no legal relationship from the Transamerica-U.S. Seal insurance contract.

Having reviewed each theory of recovery, we hold that Texas law recognizes no cause of action for the type of damages sought by appellants. We conclude appellants are not entitled to recover under any one of the four theories.

We first address appellants' argument under the Texas Insurance Code. In a lengthy discussion replete with citations, appellants assert a statutory cause of action. They cite the following provision as applicable:

### Relief available to parties

Sec. 16.(a) *Any person who has been injured by another's engaging in any of the practices* declared in Section 4 of this Article or in rules or regulations lawfully adopted by the Board under this Article to be unfair methods of competition and unfair and deceptive acts or practices in the business of insurance or in any practice defined by Section 17.46 of the Business & Commerce Code, as amended, as an unlawful deceptive trade practice may maintain an action against the company or companies engaging in such acts or practices.

Tex.Ins.Code Ann. art. 21.21, § 16(a) (Vernon 1981) (emphasis added). Appellant's plausible claim that section 16 provides a remedy for "any person" injured by the

conduct of one in the insurance business, *without regard to that "person's" relationship to the insurer*, is negated by Texas authority.

Part of the problem appears to arise from the code's conflicting use of the term "person" in sections 2 and 16. The definitional section reads as follows:

### Definitions

Sec. 2. When used in this Act:

(a) *"Person" shall mean* any individual, corporation, association, partnership, reciprocal exchange, inter-insurer, Lloyds insurer, fraternal benefit society, and any other legal entity *engaged in the business of insurance* including agents, brokers, adjusters and life insurance counselors.

Tex.Ins.Code Ann. art. 21.21, § 2(a) (Vernon 1981) (emphasis added). The law is settled that the term "person" used in section 16 is not to be construed as being limited to one "engaged in the business of insurance." *Ceshker v. Bankers Commercial Life Ins. Co.*, 568 S.W.2d 128 (Tex. 1978). Nevertheless, we find no authority for extending the construction of "person" beyond one who is either an insured or a beneficiary of the policy.

The Texas Rules of Civil Procedure prohibit joinder of an insurance company by an injured third party in a tort action. Tex.R. Civ.P. 51(b). Moreover, Texas cases are in accord both that an injured party has no direct cause of action against a tortfeasor's insurance carrier, whether or not the insured party is joined; and that the carrier owes a legal duty only to its insured or to an intended beneficiary of the policy. *See, e.g., Aetna Cas. & Sur. Co. v. Marshall*, 724 S.W.2d 770 (Tex.1987) (claimant, an injured worker, sued a workers' compensation carrier under Tex.Ins.Code Ann. art. 21.21; claimant was statutorily intended beneficiary); *Dairyland County Mut. Ins. v. Childress*, 650 S.W.2d 770 (Tex.1983) (claimants were statutorily intended benefi-

---

**3.** The summary judgment proof indicates Crown had verified U.S. Seal's liability coverage by providing a certificate of insurance to appellants' contractor before appellants hired U.S.

Seal. That fact alone is insufficient to confer upon appellants the status of intended beneficiaries of the policy.

ciaries of auto liability coverage); *Aetna Cas. & Sur. Co. v. Martin Surgical,* 689 S.W.2d 263 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.) (surgical supply company claimant was additional insured); *Becker v. Allstate Ins. Co.,* 678 S.W.2d 561 (Tex.App.—Houston 14th Dist.] 1984, writ ref'd n.r.e.) (tort plaintiff had no standing to sue carrier); *Russell v. Hartford Cas. Ins. Co.,* 548 S.W.2d 737 (Tex.Civ.App.—Austin 1977, writ ref'd n.r.e.) (third party claimants were not permitted to sue insurance carrier directly in tort, *with or without joinder of insured party); Samford v. Allstate Ins. Co.,* 529 S.W.2d 84 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.) (insured's judgment creditors were not third party beneficiaries and thus could not complain of carrier's failure to settle).

■ Direct action by a third party may lie against a carrier after an injured party has secured a judgment against the insured. However, the insurer's liability is nonetheless limited to the amount of the policy. *See* 46 Tex.Jur.3d *Insurance Contracts and Coverage* § 592 (1986); *Becker v. Allstate Ins. Co.,* 678 S.W.2d 561. In the case before us, Transamerica did pay the limits of the policy to appellants, albeit untimely.

■ We are aware of no Texas case providing a statutory remedy for an injured third party against the insurance carrier of an insured. Therefore, although appellants' construction of the term "person" appears on its face to lend credence to their position, the weight of authority belies such an interpretation of the term. We hold appellants have no cause of action under the Texas Insurance Code.

■ For the same reason, we also hold appellants may not recover under a common law duty of good faith and fair dealing. It is clear that such a duty does exist in Texas, and has been extended to run from an insurer to its insured. *Arnold v. Nat. County Mut. Fire Ins. Co.,* 725 S.W.2d 165 (Tex.1987). However, we know of no case in which a Texas court has broadened an insurance carrier's duty of good faith and fair dealing to provide a remedy to an injured third party.

Appellants claim alternatively that an action for fraud lies against Transamerica and Crown. We find appellants' argument unpersuasive.

■ The elements of fraud consist of a misrepresentation of a material fact with intention to induce action or inaction; and reliance on the misrepresentation by a person who, as a result of such reliance, suffers injury. 41 Tex.Jur.3d *Fraud and Deceit* § 7 (1985).

■ There is no evidence of appellants' detrimental reliance on Transamerica's initial denial of coverage. Furthermore, appellants ultimately received the entire coverage of U.S. Seal's policy. We hold appellants are not entitled to recover under a fraud theory.

■ Appellants base their final theory of recovery upon an exception to the rule of law that attorneys' fees and other expenses of litigation, unless provided for by statute or contract between the parties, are ordinarily not recoverable against an adversary. The exception reads as follows:

> One who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover reasonable compensation for loss of time, attorney fees and other expenditures thereby suffered or incurred in the earlier action.

Restatement (Second) of Torts § 914(2) (1979).

Appellants cite the case of *Turner v. Turner,* 385 S.W.2d 230 (Tex.1964), which notes the exception, as authority for their proposition. We find the facts of *Turner,* an alienation of affections case, inapposite to the case before us. Appellants have brought to our attention no tort case in which an injured third party recovered litigation expenses from the insurance carrier of a negligent insured. Appellants may not recover against Transamerica and Crown under the *Turner* exception.

We hold the trial court properly granted summary judgment in favor of Trans-

america and Crown. Appellants' sole point of error is overruled.

The judgment of the trial court is affirmed.