**Herschel HANCOCK, Individually and as Vice–Principal of Risk Managers International, Inc., and Risk Managers International, Inc., Relators,**

v.

**The Honorable Jeff WALKER, Judge, 96th District Court Tarrant County, Texas, Plaintiffs.**

No. 2–94–037–CV.

Court of Appeals of Texas, Fort Worth.

April 6, 1994.

Niewald, Waldeck & Brown and Daniel D. Gartner, Michele M. Hedges, Lenora D. Post, Houston, for relators.

Law Offices of Joseph A. Bellino III, P.C., and Joseph A. Bellino III, Michael D. Donohue, Dallas, for plaintiffs Dung Thanh Tran, Thanh Van Tran and wife, Cuc Thi Nguyen, both Individually and as Surviving Parents and Representatives of the Estates of Their adult Son, Son Thanh Tran, Deceased, and Their Minor Son, Tung Thanh Tran, Deceased.

Before FARRIS, LATTIMORE and DAY, JJ.

## OPINION ON PETITION FOR WRIT OF MANDAMUS AND STAY

FARRIS, Justice.

Relators, Herschel Hancock, Individually and as Vice–Principal of Risk Managers International, Inc., and Risk Managers International, Inc., collectively "Risk," seek a writ of mandamus to compel the Honorable Jeff Walker, Judge, 96th District Court, Tarrant County, Texas, to vacate or stay his order of January 14, 1994, requiring Risk to post a $2 million bond. Mandamus is sought under TEX.GOV'T CODE ANN. § 22.221 (Vernon 1988). The writ is conditionally granted because the real parties in interest[1] lack standing to invoke the bond requirements of the Texas Insurance Code.

Trans' sons died in an automobile accident and Trans sued for damages. Initially, Trans sued Vernon D. Morgan, the driver of the vehicle that caused the deaths of Trans' sons, and Martin & Martin Drilling Contractors, Inc., Morgan's employer and owner of the vehicle driven by Morgan, for personal injury and property damage. Trans added Risk and Corporate Underwriters, Ltd. to the suit alleging they violated article 21.21 of the Texas Insurance Code,[2] section 17.46 of

---

1. Dung Thanh Tran, Thanh Van Tran, Cuc Thi Nguyen, Individually and as Surviving Parents and Representatives of the Estates of their sons, Thanh Tran and Tung Thanh Tran, deceased, collectively "Trans."

2. Trans sued Risk under section 16 for explicit violations of article 21.21, section 4, namely, for misrepresentations of the terms of the policy, false advertising of the policy contract, and for false information and advertising generally. *See*

the Texas Deceptive Trade Practices Act, and the common-law duty of good faith and fair dealing. Trans then moved to require Risk to post bond pursuant to article 1.14–1, section 6(a) and article 1.36, section 11(a) of the Insurance Code, or alternatively, for default judgment. *See* TEX.INS.CODE ANN. art. 1.14–1, § 6(a), art. 1.36, § 11(a) (Vernon Supp.1994).[3] Judge Walker granted the motion and ordered Risk to deposit cash or to post a surety bond with the court in the amount of $2 million, the policy limit. Risk filed several motions for reconsideration of bond and Judge Walker denied them. Risk then filed a motion for leave to file petition for writ of mandamus and for stay, which we granted.

■ A writ of mandamus issues "only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985) (orig. proceeding). Abuse of discretion exists when the lower court's decision is so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, and there is no adequate remedy on appeal. *Walker v. Packer,* 827 S.W.2d 833 (Tex.1992) (orig. proceeding).

■ In its original petition, Risk claimed Judge Walker abused his discretion in ordering the bond because Risk is not an "unauthorized insurer" and Trans lack standing to request a bond. After Trans answered, Risk filed a reply petition, raising a new point of error. Leave was not granted to add this additional point; therefore, it will not be considered. *See Cavnar v. Quality Control Parking, Inc.,* 678 S.W.2d 548, 557 (Tex. App.—Houston [14th Dist.] 1984), *aff'd in part, rev'd in part on other grounds,* 696 S.W.2d 549 (Tex.1985).

■ A third party claimant has standing under the Texas Insurance Code only if he alleges acts or practices enumerated in article 21.21, section 16, and demonstrates reliance. *See Warfield v. Fidelity and Deposit Co.,* 904 F.2d 322, 327 (5th Cir.1990); *Her-*

*mann Hosp. v. Nat'l Standard Ins. Co.,* 776 S.W.2d 249, 252 (Tex.App.—Houston [1st Dist.] 1989, writ denied); *Chaffin v. Transamerica Ins. Co.,* 731 S.W.2d 728, 731 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). The acts or practices alleged must be:

> declared *unfair or deceptive acts or practices* in the business of insurance in section 4 of art. 21.21, the rules and regulations of the State Board of Insurance adopted under art. 21.21, or be *defined unlawful deceptive trade practices* in section 17.46 of the DTPA. TEX.INS.CODE ANN. art. 21.21, § 16.

*See Allstate Ins. Co. v. Watson,* 876 S.W.2d 145, 147 (Tex.1994) (opinion on reh'g.) (emphasis in original).

■ Unlike Watson, who sued Allstate for unfair claim settlement practices, a claim not specifically enumerated in article 21.21, section 16, Trans sued Risk for practices declared unfair in section 4, a claim specifically enumerated in section 16. However, Trans could not show damage from relying on Risk's misrepresentations because the underlying claim arose in tort. *See* TEX.INS.CODE ANN. art. 21.21, §§ 4, 16 (Vernon Supp.1994). Consequently, Trans are not third party beneficiaries entitled to invoke the bond requirements of the Texas Unauthorized Insurer Act. *See* TEX.INS.CODE ANN. art. 1.14–1, § 1 (Vernon Supp.1994).

Thus, Judge Walker abused his discretion in ordering Risk to post bond of $2 million. We are certain Judge Walker will comply with this opinion and vacate his order of January 14, 1994. In the event he fails to do so, a writ of mandamus will issue. The petition for writ of mandamus is conditionally granted. Costs of appeal are assessed against the real parties in interest.

---

TEX.INS.CODE ANN. art. 21.21, §§ 16, 4(2), (5) (Vernon Supp.1994).

**3.** Article 1.14–1, § 6(a), *repealed by* Act of April 30, 1987, ch. 46, § 12, 1987 Tex.Gen.Laws 88 (effective September 1, 1987).