Janice FAVOR, Appellant,

v.

**HOCHHEIM PRAIRIE FARM MUTUAL INSURANCE ASSOCIATION; et al. Appellees.**

No. 04–95–00388–CV.

Court of Appeals of Texas, San Antonio.

April 3, 1996.

Rehearing Overruled May 5, 1996.

Jerry R. Tucker, Sr., Clint M. Glenny, II, Glenny & Brylak, San Antonio, for Appellant.

Richard M. Butler, Robinson C. Ramsey, William T. Sullivan, Soules & Wallace, San Antonio, for Appellees.

Before LÓPEZ, STONE, and GREEN, JJ.

## OPINION

GREEN, Justice.

Janice Favor appeals from a summary judgment granted in favor of Hochheim Prairie Farm Mutual Insurance Association, Hochheim Prairie Casualty Insurance Company, Hochheim Prairie Insurance Company, John E. Trott, Jr., Melvin E. Hairell, Joe Tipton, Teddy R. Lowe, and Gervase F. Moczygemba, all officers or directors of the foregoing corporate defendants (for convenience all defendants will be referred to as "Hochheim"). Favor claims the trial court erred by (1) striking her fifth amended original petition; (2) granting summary judgment based on a finding of no standing under article 21.21, section 16(a) of the Insurance Code; (3) granting summary judgment based on lack of standing under the Deceptive Trade Practices—Consumer Protection Act ("DTPA"); (4) finding her causes of action barred by a two-year statute of limitations; and (5) granting summary judgment when genuine issues of material fact remain. We affirm.

Favor was an agent for Hochheim, marketing various insurance products pursuant to one or more written agency agreements with the Hochheim companies. After giving the contractually mandated notice, Hochheim terminated the agency relationship citing high loss rates on policies sold by Favor. Favor sued all the corporate entities she formerly represented, and certain officers and directors, for actions under the Insurance Code and the DTPA.

Hochheim moved for summary judgment; its motion was set to be heard February 13, 1995. Favor amended her pleadings, filing her fifth amended original petition on February 6, 1995. The trial court granted Hochheim's motion to strike Favor's fifth amended petition, and Hochheim's motion for summary judgment.

Favor's first point of error complains the trial court erred by striking her fifth amended petition and rendering summary judgment based on the allegations in the previous pleading. Favor argues that because her fifth amended petition was filed within seven days of trial as permitted by the Rules of Civil Procedure, and Hochheim's motion for summary judgment did not address all the causes of action alleged in the fifth amended pleading, the court's grant of summary judgment was erroneous.

Recently, the supreme court clarified the rule 63 time period for filing amended pleadings.[1] *Sosa v. Central Power & Light,* 909 S.W.2d 893 (Tex.1995). *Sosa* states, without equivocation, that an amendment is timely, and leave of court is not required, even though the amended pleading is filed exactly one week before the summary judgment hearing. *Sosa v. Central Power & Light,* 909 S.W.2d at 895. However, Hochheim contended at oral argument that simply meeting the seven-day requirement of rule 63 did not preclude the trial court from striking an amended pleading petition if it constitutes a surprise. We agree.

In an instance such as the one at hand, where the amendment is prejudicial on its face, the burden is on the offering party to show that the court abused its discretion

1. Rule 63 states that:
 [p]arties may amend their pleadings ... provided, that any pleadings ... offered for filing within seven days of the date of trial or thereafter ... shall be filed only after leave of the judge is obtained
 . . . .
 Tex.R.Civ.P. 63.

by failing to permit the amendment. *See Greenhalgh v. Service Lloyds Ins. Co.*, 787 S.W.2d 938, 939 (Tex.1990) (recognizing that amendment asserting new cause of action or defense is prejudicial on its face); *Hardin v. Hardin*, 597 S.W.2d 347, 349 (Tex.1980) (placing burden on complaining party to show abuse of discretion when trial court refuses amendment which introduces "new substantive matter"). The facts of the instant case show the trial court retroactively refused to permit the amendment by striking the pleading after it had been filed, thereby placing the burden on Favor to demonstrate that the trial court abused its discretion in doing so.

 In reviewing an objection based on the seven-day rule, the trial court may consider all matters pertinent to its jurisdiction in resolving the issue. *Hardin v. Hardin*, 597 S.W.2d at 349. Consequently, whether surprise was the explicit basis of Hochheim's objection is of no great moment. *Id.* Even though the motion to strike the amended pleading is not part of the appellate record and the order striking the pleading does not specify a reason, this Court is obligated to presume the trial court properly exercised its discretion in striking the pleading. *Id.* at 349–50. No abuse of discretion having been shown, Favor's first point of error is overruled.

 Point of error number two complains the trial court erred by finding that Favor was not a "person" for purposes of the Insurance Code, and granting summary judgment on that basis. Favor sued Hochheim under article 21.21, section 16(a) of the Insurance Code alleging, among other things, a variety of misrepresentations, unfair methods of competition, and unfair acts or practices in the business of insurance. Hochheim claims Favor does not meet the statutory definition of "person" under the Insurance Code.

Favor relies on the definition of "person" in section two of the Insurance Code to demonstrate that she, as an agent, qualifies as a "person." However, *Chaffin*, which Favor cites as authority, seems to negate her own argument. *Chaffin v. Transamerica Ins. Co.*, 731 S.W.2d 728 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). *Chaffin*

noted that the use of the term "person" conflicts between sections two and sixteen of article 21.21, concluding that "person" as used in section sixteen means insured or beneficiary of the policy. *Id.* at 731.

Similarly, the court in *Shelton Insurance*, considering the rights of an insurance agent as related to an insurer, concluded that "no authority exists to extend the meaning of 'person' beyond one who was either an insured or an intended beneficiary of the policy." *Shelton Ins. Agency v. St. Paul Mercury Ins. Co.*, 848 S.W.2d 739, 744 (Tex.App.—Corpus Christi 1993, writ denied); *CNA Ins. Co. v. Scheffey*, 828 S.W.2d 785, 791 (Tex.App.—Texarkana 1992, writ denied). We conclude that Favor does not have standing to sue under section 21.21, therefore, summary judgment as to that cause of action was proper. Favor's second point of error is overruled.

 Favor's third point of error complains the trial court erred by granting summary judgment based on a finding that Favor was not a "consumer" under the DTPA. In its motion for summary judgment, Hochheim contended that Favor is not a "consumer" as it is employed in the Business and Commerce Code. TEX.BUS. & COM.CODE ANN. § 17.45. (Vernon 1987). Favor claims consumer status alleging that she sought or acquired goods or services (i.e. the provision of insurance) from Hochheim for her clients.

Under the DTPA, a "consumer" is one who "seeks or acquires by purchase or lease, any goods or services." TEX.BUS. & COM.CODE ANN. § 17.45(4) (Vernon 1987). And, the goods or services sought or acquired must be the basis for the suit. *Shelton Ins. Agency v. St. Paul Mercury Ins. Co.*, 848 S.W.2d at 744. A claim of consumer status virtually identical to Favor's was rejected by the court in *Shelton* because the Shelton Agency did not seek or acquire the policy's benefits by purchase. As in *Shelton*, Favor was not covered by any of the Hochheim policies that she sold her clients, nor did she pay for them. *Id.* Accordingly, we hold that Favor has not met the requirements necessary to establish consumer status by virtue of her agency relationship with Hochheim.

Additionally, Favor obliquely suggests that her ownership of a Hochheim insurance policy confers consumer status on her allowing her to maintain this suit. However, ownership of the policy is not related to the suit in any way—Favor is suing for alleged damages relating to her agency relationship with Hochheim. The happenstance of her ownership of a policy cannot qualify her as a consumer under the DTPA for purposes of this case. *Melody Home Mfg. Co. v. Barnes,* 741 S.W.2d 349, 351 (Tex. 1987). Favor's point of error number three is overruled.

Because the foregoing negates at least one element in each of the plaintiff's causes of action, summary judgment for Hochheim was proper and it is unnecessary to reach Favor's remaining points of error.

The judgment of the trial court is affirmed.