John TWEEDELL, Don Hicks, and Billy D. White, Appellants,

v.

HOCHHEIM PRAIRIE FARM MUTUAL INSURANCE ASSOCIATION, Hochheim Prairie Casualty Insurance Company, Hochheim Prairie Insurance Company, John E. Trott, Jr., Melvin L. Hairell, Joe Tipton, Everett C. Dunahoe, and Celeste Matula, Appellees.

No. 13–96–142–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 12, 1998.

Rehearing Overruled April 2, 1998.

**686**

Jerry R. Tucker, Sr., Spring Branch, for Appellants.

Harold H. Walker, Gardere Wynne Sewell & Riggs, Houston, Stacy R. Obenhaus, Gardere & Wynne, Dallas, Kathy Goodman, Gardere, Wynne, Sewell & Riggs, Houston, for Appellees.

Before DORSEY, FEDERICO G. HINOJOSA, Jr., and RODRIGUEZ, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

This case involves misrepresentations allegedly made by an insurance company to some of its agents. Appellants, John Tweedell, Don Hicks, and Billy D. White, were independent insurance agents authorized to sell property and casualty insurance for Hochheim Prairie Farm Mutual Insurance Association, Hochheim Prairie Casualty Insurance Company, and Hochheim Prairie Insurance Company (collectively "the Hochheim Companies"). In 1990, the Hochheim Companies terminated appellants' sales representative and agency contracts and refused to renew all policies issued by appellants because of overall combined high loss ratios for the years 1986, 1987, 1988, and 1989. Appellants sued the Hochheim Companies and their officers, John E. Trott, Melvin L. Hairell, Joe Tipton, Everett C. Dunahoe, and Celeste Matula (collectively "appellees") for breach of fiduciary duties and violations of the Deceptive Trade Practices–Consumer Protection Act [1] ("DTPA") and article 21.21 of the Insurance Code.[2] Appellees filed a counterclaim alleging appellants had filed their DTPA claims in bad faith and moved for partial summary judgment on the ground that appellants lacked standing to bring their causes of action. The trial court granted the motion for summary judgment and severed-out the counterclaim. By three points of error, appellants contend the trial court erred in granting the motion for summary judgment because (1) they have standing and (2) genuine issues of material fact exist. We affirm in part and reverse and remand in part.

The proper inquiry on appeal is whether the defendant, in seeking summary judgment, fulfilled his initial burden (1) to establish as a matter of law that there remains no genuine issue of material fact as to one or more essential elements of the plaintiff's cause of action, or (2) to establish his affirmative defense to the plaintiff's cause of action as a matter of law. *Casso v. Brand,* 776 S.W.2d 551, 556 (Tex.1989); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant must be taken as true. *Nixon,* 690 S.W.2d at 549. Every

---

1. Tex. Bus & Com.Code Ann. §§ 17.41 *et seq.* (Vernon 1987 & Supp.1998).

2. Tex. Ins.Code Ann. art. 21.21 (Vernon 1981 & Supp.1998).

reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor. *Id.* Once the movant establishes an affirmative defense which would bar the suit as a matter of law, the non-movant must produce summary judgment proof raising a fact issue in avoidance of the affirmative defense. *Gonzalez v. City of Harlingen,* 814 S.W.2d 109, 112 (Tex. App.—Corpus Christi 1991, writ denied).

By their second point of error, appellants complain that the trial court erred in granting summary judgment on their DTPA claims on the ground that they are not "consumers" as defined by the DTPA.[3] Appellants contend they are consumers because (1) they bought policies from the Hochheim Companies and (2) they sought the products and services of the Hochheim Companies for their rural customers.

■■■ Appellants' allegations of an unconscionable course of conduct are made actionable solely by section 17.50 of the DTPA. *See Transport Ins. Co. v. Faircloth,* 898 S.W.2d 269, 274 (Tex.1995); *see also* TEX. BUS. & COM.CODE ANN. § 17.50(a)(3) (Vernon Supp. 1998). To have a cause of action under section 17.50, a claimant must be a consumer. *See* TEX. BUS. & COM.CODE ANN. § 17.50; *Faircloth,* 898 S.W.2d at 274. Section 17.45 of the DTPA defines consumer as "an individual, partnership, corporation, this state, or agency of this state who seeks or acquires by purchase or lease, any goods or services[.]" TEX. BUS. & COM.CODE ANN. § 17.45(4) (Vernon 1987). Whether a plaintiff is a consumer is a question of law for the trial court to decide. *First Fed. Sav. & Loan Ass'n v. Ritenour,* 704 S.W.2d 895, 898 (Tex.App.— Corpus Christi 1986, writ ref'd n.r.e.). To establish status as a consumer, a plaintiff must have sought or acquired goods or services by purchase or lease, and those goods or services must form the basis of the claim. *Melody Home Mfg. Co. v. Barnes,* 741 S.W.2d 349, 351 (Tex.1987); *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 539 (Tex.1981); *Shelton Ins. Agency v. St. Paul Mercury Ins. Co.,* 848 S.W.2d 739, 744 (Tex. App.—Corpus Christi 1993, writ denied).

The absence of either requirement will defeat a DTPA claim. *Cameron,* 618 S.W.2d at 539.

■■■ Appellants' allegations fail to satisfy these requirements. Although appellants purchased insurance policies for themselves from the Hochheim Companies, these policies are not the basis of their claims. Appellants do not contend that the Hochheim Companies misrepresented the coverage available under the terms of the policies in order to induce appellants to purchase the insurance. While appellants' second allegation, that they sought the Hochheim Companies' products or services for their customers, may be accurate, the products or services were not obtained through appellants' purchase or lease. Accordingly, we conclude that appellants do not have standing as consumers under the DTPA.

We hold that the trial court did not err in granting summary judgment against appellants on their DTPA claims. Appellant's second point of error is overruled.

By their first point of error, appellants complain that the trial court erred in granting appellees' motion for summary judgment on the ground that appellants are not persons under article 21.21 of the Insurance Code.

Section 16(a) of article 21.21 provides:

Any person who has sustained actual damages as a result of another's engaging in an act or practice declared in Section 4 of this Article or in rules or regulations lawfully adopted by the Board under this Article to be unfair methods of competition or unfair or deceptive acts or practices in the business of insurance or in any practice defined by Section 17.46 of the Business & Commerce Code, as amended, as an unlawful deceptive trade practice may maintain an action against the person or persons engaging in such acts or practices.

Act of March 19, 1985, 69th Leg., R.S., ch. 22, § 3, 1985 Tex. Gen. Laws 71, 72 (amended 1995) (current version at TEX. BUS. & COM. CODE ANN. art. 21.21, § 16(a) (Vernon Supp. 1998)). A "person" is defined as "any individual, corporation, association, partnership, reciprocal exchange, inter-insurer, Lloyds in-

---

**3.** TEX. BUS. & COM.CODE ANN. § 17.45(4) (Vernon 1987).

surer, fraternal benefit society, and any other legal entity engaged in the business of insurance, including agents, brokers, adjusters, and life insurance counselors." TEX. BUS. & COM.CODE ANN. art. 21.21, § 2(a) (Vernon Supp.1998).

Appellees argued in their motion for summary judgment that only insureds or beneficiaries of an insurance policy have standing to file an article 21.21 claim. Appellees relied on *Chaffin v. Transamerica Ins.,*[4] *CNA Ins. Co. v. Scheffey,*[5] *Shelton Ins. Agency,* and *Favor v. Hochheim Prairie Farm Mut. Ins. Ass'n.*[6] We find appellees' reliance on these cases to be misplaced.

In *Chaffin,* homeowners, relying on article 21.21, sued Transamerica Insurance Company for tortious handling of a water damage claim under the terms of an insurance policy. *Chaffin v. Transamerica Ins. Co.,* 731 S.W.2d 728, 730 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). The insured was the subcontractor whose work caused the damage, but the homeowners were not named in the policy as additional insureds or beneficiaries. *Id.* The homeowners argued that the "any person" language of section 16(a) of article 21.21 gave them standing to directly sue the insurance company. *Id.* at 731. After setting forth the provisions of sections 2 and 16(a), the Houston Fourteenth Court of Appeals noted that part of the difficulty in applying article 21.21 stemmed from the definition of "person" set forth in section 2. *Id.* The court admitted that under Texas law, "person" as used in section 16 was not limited to "one engaged in the business of insurance" as stated in section 2. *Id.* (citing *Ceshker v. Bankers Commercial Life Ins. Co.,* 568 S.W.2d 128, 129 (Tex.1978)). However, the court refused to extend "the construction of 'person' beyond one who is either an insured or a beneficiary of the policy" because in Texas an injured third party may not directly sue the tortfeasor's insurer. *Id.* (citations omitted).

In *Scheffey,* a doctor sued a worker's compensation insurance carrier for alleged viola-

tions of article 21.21, in addition to other claims. *CNA Ins. Co. v. Scheffey,* 828 S.W.2d 785, 786–87 (Tex.App.—Texarkana 1992, writ denied). Relying on *Chaffin,* the Texarkana Court of Appeals held that the doctor did not have standing under article 21.21 because he was not the insured or an intended beneficiary of the policy at issue. *Id.* at 787. Furthermore, the doctor was not in the business of insurance, nor did he compete with CNA. *Id.* at 788. Thus, he could not claim that CNA had violated article 21.21 by engaging in unfair competition or practice. *Id.*

Our opinion in *Shelton Ins. Agency* was based on the fact that Shelton's article 21.21 claims were derived from a client's policy and losses the insurance company refused to cover. *Shelton Ins. Agency,* 848 S.W.2d at 742. Relying on *Chaffin,* we held that Shelton lacked standing because it was not a named insured or beneficiary under the terms of the client's policy. *Id.* at 744. *Shelton Ins. Agency* offered no opinion on whether an agent has standing under article 21.21 to bring claims of damages suffered as a result of unfair competition practices directed at the agent by an insurance company and should not be so read.

In *Favor,* an insurance agent sued the Hochheim Companies after she was terminated for high loss rates on policies she sold. *Favor v. Hochheim Prairie Farm Mut. Ins. Ass'n,* 939 S.W.2d 180, 181 (Tex.App.—San Antonio 1996, writ denied). Favor alleged misrepresentations, unfair methods of competition, and unfair acts or practices in the business of insurance. *Id.* at 182. Citing *Chaffin* and *Shelton Ins. Agency,* the San Antonio Court of Appeals held that Favor did not have standing to bring an article 21.21 claim because Favor was not an insured or beneficiary of an insurance policy. *Id.* at 182.

We disagree with the holding in *Favor* because *Shelton Ins. Agency* and *Chaffin* are

---

**4.** 731 S.W.2d 728 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.).

**5.** 828 S.W.2d 785 (Tex.App.—Texarkana 1992, writ denied).

**6.** 939 S.W.2d 180 (Tex.App.—San Antonio 1996, writ denied).

factually distinct. The plaintiffs in *Shelton Ins. Agency* and *Chaffin* grounded their claims on insurance policies in which they were not named insureds or intended beneficiaries. *Chaffin, Scheffey,* and *Shelton Ins. Agency* provide no context for determining whether an agent, such as Favor, may bring article 21.21, section 4 claims,[7] which do not necessarily derive from an insurance policy.

Appellees argue that in order to have a claim under section 16(a), and consequently section 4, persons must be insureds or beneficiaries of an insurance policy. To rule as appellees urge would obviate portions of article 21.21. After a fair reading of section 16(a) we conclude that it does not restrict claims to insureds or beneficiaries of an insurance policy.

Section 16(a) clearly grants standing to any person who has sustained actual damages as a result of another's engaging in an act or practice declared in section 4 of article 21.21 to be unfair methods of competition or unfair or deceptive acts or practices in the business of insurance. Certain subsections of section 4 apply only to persons engaged in the business of insurance; they do not apply to insureds or beneficiaries. *See* Tex. Ins. Code Ann. art. 21.21, § 4 (Vernon Supp. 1998).

■ Because insurance agents are included in the section 2 definition of "person," we hold that any agent who suffers actual damages because of another person's engaging in activities proscribed by article 21.21, section 4 of the Insurance Code or by section 17.46 of the Business and Commerce Code [8] has standing to bring a cause of action under article 21.21 of the Insurance Code.[9]

Because the law was improperly applied to the facts of this case, we hold that the trial court erred in granting summary judgment on the ground that appellants do not have standing to bring a claim under article 21.21

of the Insurance Code. We sustain appellant's first point of error.

In light of our disposition, it is unnecessary to discuss appellant's third point of error. *See* Tex.R.App. P. 47.1.

Appellants do not challenge the summary judgment on the breach of fiduciary duties claim by (1) a separate point of error or (2) argument and citation to authority under their three points of error. We, therefore, affirm the trial court's summary judgment against appellants on their breach of fiduciary duties cause of action.

We affirm the trial court's summary judgment against appellants on their DTPA claim. We reverse the summary judgment on appellants' article 21.21 claim and remand that cause of action to the trial court for further proceedings.

**7.** *See* Tex. Ins.Code Ann. art. 21.21, § 4 (Vernon Supp.1998) ("Unfair Methods of Competition and Unfair or Deceptive Acts or Practices Defined").

**8.** A person need not be a consumer to bring claims under article 21.21, section 16(a) of the Insurance Code which allege violations of the

conduct prohibited by section 17.46 of the DTPA. *See Transport Ins. Co. v. Faircloth,* 898 S.W.2d 269, 274 (Tex.1995).

**9.** Because the issues were not raised by appellee's motion for summary judgment, we offer no opinion on the merits of appellant's allegations.