

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00080-CV

———————————————

THOMAS GEORGE CRAAYBEEK, Appellant

V.

MARILYN BRAUNE CRAAYBEEK, Appellee

On Appeal from the 90th District Court
Young County, Texas
Trial Court No. 33086

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

Pro se Appellant Thomas George Craaybeek appeals from a default divorce decree.[1] But Appellant failed to adequately brief the issues he intended to raise for our review, and his flagrant violations of the Rules of Appellate Procedure prevent us from discerning the substance of his appeal. Consequently, we affirm.

## II. BACKGROUND

Appellant filed three briefs with this court,[2] none of which complied with the Rules of Appellate Procedure.

---

[1] "Technically, there can be no default judgment in a divorce action. As we have in the past, we use the term default in the context of a divorce decree only for lack of a better term." *Taylor v. Taylor*, No. 02-19-00312-CV, 2021 WL 520452, at *1 n.1 (Tex. App.—Fort Worth Feb. 11, 2021, no pet.) (mem. op.) (internal citations and quotation marks omitted) (quoting *Watson v. Watson*, 286 S.W.3d 519, 523 (Tex. App.—Fort Worth 2009, no pet.), and *Roa v. Roa*, 970 S.W.2d 163, 165 n.2 (Tex. App.—Fort Worth 1998, no pet.)).

[2] Appellant also lodged accusations in his notice of appeal. However, a notice of appeal is distinct from an appellant's brief, and Appellant gave no indication that he intended his notice of appeal to serve as his brief. *Compare* Tex. R. App. P. 25.1, *with* Tex. R. App. P. 38.1, 38.8(a). Regardless, even if Appellant had so intended, the notice of appeal did not comply with the briefing requirements in the Rules of Appellate Procedure. *See* Tex. R. App. P. 38.1; *Finster v. Finster*, No. 02-19-00449-CV, 2020 WL 3730693, at *1 (Tex. App.—Fort Worth July 2, 2020, no pet.) (per curiam) (mem. op.) (dismissing appeal because, even if appellant intended his notice of appeal to serve as his brief, the notice did not comply with the briefing requirements).

The first of the three, Appellant's original brief,[3] contained a three-page bulleted list of factual assertions followed by a two-paragraph string of unanalyzed and largely unexplained legal accusations.[4] Appellant appeared to allege bank fraud, perjury, aggravated perjury, "violation of ex parte rules," and infringement of his constitutional rights, although the identities of the alleged perpetrators were unclear. Appellant requested "a full and just hearing that would include independent audit[o]r and appraiser to satisfy the suspect evaluation given and the requested relevant documents subpoenaed to prove [his accusations]." There were no record references or legal citations anywhere in Appellant's original brief.

---

[3]Appellant's original, amended, and supplemental briefs were handwritten using all capital letters. When quoting Appellant's briefs, we have modified the capitalization for ease of reading.

[4]Appellant's legal accusations were contained in the following two paragraphs at the end of his original brief:

> Petitioner contends that ex parte was violated in fact. His right to due process was violated. The imposition of loss of property occurred—all in violation of petitioner[']s civil and constitutional rights[.]

> Petitioner feels that he was prejudiced unfairly by the court and requests a full and just hearing that would include independent audit[o]r and appraiser to satisfy the suspect evaluation given and the requested relevant documents subpoenaed to prove not only perjury and/or aggr[a]vated perjury but quite possibly bank fraud to which should have been reported to the prosecuting attorney by the judge for further investigation when he received notification of the possibility of the crime (to which he hindered prosecution by the denial of subpoenaing the relevant documents) to w[hich] quite possibly made him a coconspirator or accessory after the fact according to federal law[.]

We notified Appellant that his original brief did not comply with the Rules of Appellate Procedure, and we identified ten different deficiencies, including the absence of (1) a statement of the case with appropriate record references, (2) a statement of the issues presented, (3) a statement of facts with record references, (4) a summary of the argument, (5) a legal argument with record references and citations to legal authority, (6) a prayer, and (7) an appendix. *See* Tex. R. App. P. 38.1(d), (f–k).[5] We gave Appellant an opportunity to correct these deficiencies by filing an amended brief, and we reminded him that he would need to request leave of court if he intended to raise new or different points in the amended brief. *See* Tex. R. App. P. 44.3.

Appellant then filed an amended brief with none of the above-catalogued issues remedied.[6] As before, Appellant's amended brief consisted of a three-page bulleted list of factual assertions with no record references, no case law citations, and no substantive legal analysis. And although Appellant purported to include some statutory citations in his amended brief, many of these quasi-citations referenced

[5]In addition to the seven deficiencies listed above, Appellant's original brief lacked (1) a listing of the identities of parties and counsel, (2) a table of contents, and (3) an index of authorities. *But see* Tex. R. App. P. 38.1(a–c). The brief also lacked a cover page in violation of our Local Rules. *See* 2d Tex. App. (Fort Worth) Loc. R. 1(A).

[6]Appellant's amended brief remedied other deficiencies in his original brief by (1) including a cover page, (2) listing the identities of parties and counsel, and (3) including a table of contents. *See* Tex. R. App. P. 38.1(a–b); 2d Tex. App. (Fort Worth) Loc. R. 1(A).

sources such as "Texas rules of court" or unidentified codes of the "Texas state statutes." Moreover, Appellant's amended brief appeared to contain a host of new legal allegations accusing the trial court, the trial court clerk, Appellee, and Appellee's trial counsel of various misdeeds—ranging from official misconduct, to violations of the discovery rules, to presenting or using a record of a fraudulent court.[7] But, as in his original brief, Appellant did not explain how the alleged instances of misconduct entitled him to relief on appeal. In fact, it was unclear what relief Appellant's amended brief was seeking; Appellant removed his original request for a "hearing that would include independent audit[o]r and appraiser," and he merely requested "relief in all law and equity that is entitled."[8] Although an appendix might have aided us in understanding the issues Appellant intended to raise and the relief he sought, Appellant failed to include one. *But see* Tex. R. App. P. 38.1(k).

---

[7]Many of the allegations in Appellant's amended brief appeared to target the trial court and trial court clerk for allegedly failing to file, hear, or return various motions. For example, Appellant claimed (1) that he "filed motion for bench warrant that was neither heard or returned . . . [—]a violation of due process"; (2) that he "submitted amended/modified petition for divorce . . . which never got filed[—]a violation of due process, neglect of duty, violation of rules of court rules 11, 21, 22, 25, 26"; and (3) that the "District Clerk[']s assert[ion] that the clerk[']s record as submitted to this [court] . . . [wa]s an accurate record . . . [was] § 37.03[—]aggravated perjury."

[8]Appellant's original brief similarly included a broad request for "all relief entitled both in law and in equity." However, Appellant's accompanying request for a "hearing that would include independent audit[o]r and appraiser" implicitly asserted that such a hearing was the form of relief to which he believed he was entitled.

5

Approximately one month later, after Appellee had already filed a letter indicating that she believed a responsive brief was unnecessary, Appellant filed an "amended amended brief" without leave of court. *But see* Tex. R. App. P. 38.7; 2d Tex. App. (Fort Worth) Loc. R. 1(B). In the interest of preserving Appellant's right to appeal, we accepted, filed, and liberally construed this document as a supplemental brief. *See* Tex. R. App. P. 38.9. However, like his first two briefs, Appellant's supplemental brief lacked any record references, case law citations, or substantive legal analysis.[9] And the supplemental brief contained still more allegations of misconduct, further muddying the issues Appellant intended to raise for our review.[10]

---

[9]Appellant's supplemental brief, like his amended brief, did not include an appendix and requested "all relief that he [wa]s entitled [to] both in equity and law."

[10]For example, Appellant's supplemental brief alleged that the trial court violated "the rules of court" by failing to "notif[y] the prosecuting attorney when [A]ppellee was accused of bank fraud/theft" and that the trial court then "hinder[ed] or conceal[ed] it by not allowing the subpoena of the relevant documents." Appellant claimed that the trial court's actions made the judge "an accompli[ce] himself under federal law," citing Title 18, Sections 3 and 4 of the United States Code. *See* 18 U.S.C.A. §§ 3–4.

Such claims were reminiscent of, though different from, many of the accusations Appellant lodged in his notice of appeal; namely, that Appellee committed theft, that it "was ignored by the [trial] court," and that "this ma[de] the [trial] court a now accessory after the fact according to federal law 18 U[.]S[.]C[.A.] § 3 and 18 U[.]S[.]C[.A.] § 4."

## III. DISCUSSION

An appellant's brief must substantially comply with the Rules of Appellate Procedure—even if the appellant is pro se.[11] *See* Tex. R. App. P. 38.9; *Rahman*, 2020 WL 2202450, at \*2; *Miller v. AT & T Stadium*, No. 02-16-00434-CV, 2017 WL 1352124, at \*2 (Tex. App.—Fort Worth Apr. 13, 2017, pet. denied) (per curiam) (mem. op.). As with other error-preservation requirements, "[o]ur procedural [briefing] rules are technical, but not trivial." *Burbage v. Burbage*, 447 S.W.3d 249, 258 (Tex. 2014) (discussing practical importance of preservation requirements). The formal briefing requirements in the Rules of Appellate Procedure are intended to ensure, among other things, that an appellate court has the information necessary to resolve the relevant issues while maintaining its role as a neutral adjudicator. Tex. R. App. P. 38.9; *see Rahman*, 2020 WL 2202450, at \*2; *Ihnfeldt v. Reagan*, No. 02-14-00220-CV, 2016 WL 7010922, at \*9 (Tex. App.—Fort Worth Dec. 1, 2016, pet. denied) (mem. op.). Thus, to substantially comply with the Rules of Appellate Procedure, an appellant's brief must, at a minimum, (1) not "flagrantly violat[e]" the formal briefing requirements; and (2) present the issues, facts, and legal authorities so as to "acquaint the court with the issues in [the] case and . . . enable the court to decide the case."

---

[11]"Pro se appellants are held to the same standards as licensed attorneys[;] . . . otherwise, pro se parties would be given an unfair advantage over parties represented by counsel." *Taylor*, 2021 WL 520452, at \*1 (cleaned up); *accord Rahman v. Discover Bank*, No. 02-19-00182-CV, 2020 WL 2202450, at \*2 (Tex. App.—Fort Worth May 7, 2020, no pet.) (per curiam) (mem. op.).

Tex. R. App. P. 38.9; *see Horton v. Stovall*, 591 S.W.3d 567, 569–70 (Tex. 2019) (per curiam). Failure to adequately brief an issue results in waiver of the complaint. *See O'Neal v. Dale*, No. 02-20-00173-CV, 2021 WL 210848, at *8 (Tex. App.—Fort Worth Jan. 21, 2021, no pet.) (mem. op.); *Rahman*, 2020 WL 2202450, at *2.

We construe appellate briefs "liberally, but reasonably" so that the right to appeal is not unnecessarily lost by waiver, and we will "not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal." *Horton*, 591 S.W.3d at 569–70; *Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 665 (Tex. 2011) (per curiam) (quoting *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997)); *see* Tex. R. App. P. 38.9; *Lion Copolymer Holdings, LLC v. Lion Polymers, LLC*, 614 S.W.3d 729, 732 (Tex. 2020) (per curiam). Here, however, Appellant failed to substantially comply with any arguable interpretation of the Rules; he flagrantly violated the briefing requirements, and his violations prevent us from discerning—much less resolving—the merits of his appeal.

## A. Appellant flagrantly violated the formal Rules of Appellate Procedure.

Despite receiving a reasonable opportunity to cure the defects in his briefing, Appellant flagrantly violated the formal requirements of the Rules of Appellate Procedure. *See* Tex. R. App. P. 38.9(a) (discussing "[f]ormal [d]efects" and potential consequences of "flagran[t] violat[ions]" of the formal briefing requirements).

The Rules require an appellant's brief to include, among other things, (1) a statement of "the nature of the case[,] . . . the course of proceedings, and the trial

8

court's disposition"; (2) a concise statement of "all issues or points presented for review"; (3) a statement of facts "pertinent to the issues or points presented . . . [and] supported by record references"; (4) a succinct and clear summary "of the arguments made in the body of the brief"; (5) a "clear and concise [legal] argument for the contentions made[] with appropriate citations to authorities and to the record"; (6) a prayer "stat[ing] the nature of the relief sought"; and (7) an appendix containing, at a minimum, the "judgment . . . from which relief is sought." *See* Tex. R. App. P. 38.1(d), (f–k). Neither Appellant's original brief nor his amended brief contained any of the listed items. Indeed, although Appellant was given the opportunity to correct his noncompliant original brief, and although we listed the deficiencies and identified the applicable Rules of Appellate Procedure for him, Appellant's amended brief again violated these same Rules. *See* Tex. R. App. P. 38.1(d), (f–k), 38.9(a), 44.3; *Cf. Horton*, 591 S.W.3d at 568–70 (holding appellant was entitled to "a reasonable opportunity to cure" the formal defects in his briefing).

Moreover, Appellant's amended brief lodged new accusations in an attempt to expand the issues raised in his original brief—despite our express caution not to use his amended brief for this purpose without requesting leave to do so. *See* Tex. R. App. P. 38.7; 2d Tex. App. (Fort Worth) Loc. R. 1(B); *Hancock v. Walker*, 873 S.W.2d 422, 424 (Tex. App.—Fort Worth 1994, orig. proceeding) (refusing to consider new issue raised in reply brief without leave of court); *Faour v. Koenig*, 662 S.W.2d 751, 751 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.) (refusing to consider new

9

issues raised in amended brief without leave of court); *see also Standard Fruit &*
*Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998) (recognizing that a party must
seek leave to file amended or supplemental briefing and an appellate court has
discretion as to whether to allow such briefing). Appellant then repeated the error in
his supplemental brief by lodging still more accusations and further obscuring the
issues he intended to raise for our review.

Thus, despite receiving "a reasonable time to correct or amend" the formal
defects in his briefing, Appellant repeatedly and flagrantly violated any arguable
interpretation of the formal Rules of Appellate Procedure. Tex. R. App. P. 44.3; *see*
Tex. R. App. P. 38.9(a).

**B. Appellant's Rule violations rendered his briefing substantively defective.**

Furthermore, Appellant's formal Rule violations were not "harmless procedural
defects" but rendered his briefing substantively inadequate. *See* Tex. R. App.
P. 38.9(b) (discussing potential consequences of "[s]ubstantive [d]efects" in briefing);
*Cf. Horton*, 591 S.W.3d at 567, 670 (discouraging appellate courts from "disposing of
appeals based on harmless procedural defects" if such defects "can be easily
corrected" (quoting *Silk v. Terrill*, 898 S.W.2d 764, 766 (Tex. 1995) (per curiam))); *Perry
v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam) (similar).

Neither Appellant's original brief nor his amended brief contained any record
references, case law citations, or coherent legal analysis. Even liberally construing
Appellant's three briefs together, these deficiencies prevent us from discerning the

issues Appellant intended to raise for our review or the relief he sought—much less the legal and factual support for his arguments. *See* Tex. R. App. P. 38.9.

Although we construe appellate briefs liberally, our construction cannot be so liberal that we "abandon [our] role as a neutral adjudicator" and assume the role of an advocate. *Ellis v. Barineau*, No. 02-19-00252-CV, 2020 WL 2608410, at *2 n.1 (Tex. App.—Fort Worth May 21, 2020, no pet.) (mem. op.). "[A]ppellate courts have no duty—or even the right—to perform an independent review of the record and the applicable law to determine whether there was error"; we cannot "make the party's arguments for [hi]m, and then adjudicate the case based on the arguments we have made on [his] behalf."[12] *Id.*; *Rahman*, 2020 WL 2202450, at *2; *see Taylor*, 2021 WL 520452, at *2 ("We cannot speculate as to the specific legal bases for Appellant's challenges to the trial court's divorce decree, nor can we redraft and articulate for Appellant what we think she meant to raise on appeal." (cleaned up)). Rather, "[i]t is an appellant's burden to discuss his assertions of error," to cite and expound "the facts and the authorities relied upon," and to "put forth some specific argument and analysis showing that the record and the law support his contention[s]." *Rahman*, 2020 WL 2202450, at *2; *Gonzalez v. VATR Const. LLC*, 418 S.W.3d 777, 784 (Tex. App.—Dallas 2013, no pet.); *see O'Neal*, 2021 WL 210848, at *8 n.4 (quoting *Gonzalez*

---

[12]In fact, "[i]n civil cases, we have no discretion to consider an issue not raised in appellant's brief, even if the court may perceive that the ends of justice seem to require it." *Rahman*, 2020 WL 2202450, at *2 (quoting *Liles v. Contreras*, 547 S.W.3d 280, 296 (Tex. App.—San Antonio 2018, pet. denied)).

11

for the rule that "merely uttering brief conclusory statements, unsupported by legal citations" is insufficient).

Here, Appellant's failure to comply with the formal Rules of Appellate Procedure resulted in his failure to fulfill the fundamental purpose of an appellant's brief: to "acquaint[ this] court with the issues" and "present argument [sufficient to] . . . enable the court to decide the case." Tex. R. App. P. 38.9. Such a lapse cannot be interpreted away by a liberal construction of Appellant's briefing. *See Miller*, 2017 WL 1352124, at *2 (recognizing that "[t]he substantive defects in Appellant's amended brief prevent Appellees and the court from understanding what her issues are and preclude an opinion on the merits"). Appellant has therefore waived his complaints due to inadequate briefing, and nothing is presented for our review. *See* Tex. R. App. P. 38.9; *Rahman*, 2020 WL 2202450, at *2 ("When appellate issues are not supported by argument, citations to the record, or legal authority, nothing is presented for review."); *Sister Initiative, LLC v. Broughton Maint. Ass'n*, No. 02-19-00102-CV, 2020 WL 726785, at *25 (Tex. App.—Fort Worth Feb. 13, 2020, pet. denied) (mem. op.) (holding "appellant's failure to cite legal authority to or provide substantive analysis of a legal issue presented result[ed] in waiver of the appellant's complaint"); *Toldson v. Denton Indep. Sch. Dist.*, No. 02-18-00394-CV, 2019 WL 6205245, at *13–14 (Tex. App.—Fort Worth Nov. 21, 2019, no pet.) (mem. op.) (holding appellant's failure to cite the record and explain his conclusory legal allegations waived his complaint); *Ihnfeldt*, 2016 WL 7010922, at *9 ("When appellate

issues are not supported by argument, citations to the record, or legal authority, nothing is presented for review.").

## IV. CONCLUSION

Appellant has failed to substantially comply with the Rules of Appellate Procedure, and the flagrant formal defects in his briefing prevent this court from discerning or addressing the merits of his appeal. Therefore, we overrule any issues Appellant intended to raise and affirm the trial court's judgment. *See* Tex. R. App. P. 38.1, 38.9.

/s/ Dana Womack

Dana Womack
Justice

Delivered: May 6, 2021