**Don E. WARFIELD, Carl Lee Conner, Curtiss Gilmore Conner and Charles Bennett Conner, Plaintiffs–Appellants,**

v.

**FIDELITY AND DEPOSIT COMPANY, et al., Defendants–Appellees.**

No. 89–2030
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 3, 1990.

---

Charles C. Orsburn, Orsburn & Holland, Houston, Tex., for plaintiffs-appellants.

Michael Keeley, Duncan L. Clore, James K. Peden, III, Strasburger & Price, Dallas, Tex., for Fidelity and Deposit Co.

Casbeer Snell, Jr., Gina V. Fulkerson, Houston, Tex., for Charter Oaks Ins., et al.

Before GEE, WILLIAMS and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge.

### Facts and Proceedings Below

Don E. Warfield, Carl Lee Conner, Curtis Gilmore Conner, and Charles Bennett Conner sued in state court Fidelity and Deposit

Co.; Charter Oak Insurance Services, Inc.; and James Deloof for failure to pay a claim on a banker's blanket bond. The bond was sold by Charter Oak and Deloof to a bank in which the plaintiffs were majority shareholders and directors.[1] The F.D.I.C. intervened as the liquidator of the bank and removed the suit.

 Fidelity filed a motion to dismiss for lack of standing and failure to state a claim upon which relief can be granted. The F.D.I.C. also moved to dismiss for lack of standing or, in the alternative, sought a stay. The motions to dismiss were granted on December 6, 1988. The plaintiffs appealed this order on January 5, 1989. On February 17, 1989, the plaintiffs filed a motion to stay the appeal pending a Rule 54(b) certification of the December 6, 1988 order by the district court. A stay was granted[2] and the district court refused to certify its December 6, 1988 order. On June 5, 1989 the court dismissed the intervention of the F.D.I.C.[3] The court dismissed the claims against Charter Oaks and Deloof on August 24, 1989 and a final judgment was entered on August 25, 1989. Since this judgment disposed of all claims, the stay was lifted. Before we may reach the merits of the district court's disposition of the appellants' claims, we must first deal with the jurisdictional issues raised by this appeal.

1. The bond was actually sold to Harris County Bank Shares, Inc. to insure the bank and its subsidiaries. One of these subsidiaries was sold to a group of investors which included the plaintiffs. The name of the subsidiary was changed to the First Commercial Bank of Texas, N.A. and its failure precipitated this lawsuit.

2. The stay was granted by the Clerk of Court pursuant to Fifth Circuit Local Rule 27.1.7 because a premature notice of appeal is effective if Rule 54(b) certification is subsequently granted. *See, e.g., Crowley v. Maritime Corp. v. Panama Canal Commission,* 849 F.2d 951, 953–54 (5th Cir.1988).

3. The dismissal of the F.D.I.C. did not destroy subject matter jurisdiction. *See, United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Once the grounds for federal jurisdiction disappeared, the district court

## Appellate Jurisdiction

 The plaintiffs filed a notice of appeal before any final judgment was rendered. A final judgment was rendered, however, when the case was under appeal. We have long taken a practical view of what constitutes a final judgment in such circumstances. In *Jetco Electronics Inds. v. Gardiner,* 473 F.2d 1228 (5th Cir.1973), for example, the district court dismissed a claim, the claim was not certified under Rule 54(b), an appeal was taken, and the last remaining claims were dismissed. We noted that an order was final if it adjudicates the rights of all the parties or if the district court directs entry of judgment on some of the claims after determining that there is no just reason for delay. In *Jetco* the claim which was appealed neither terminated the litigation nor was it properly certified under F.R.C.P. 54(b). We reasoned that once the district court dismissed the remaining claims it would be useless to remand the case. No certification is needed if the litigation is effectively terminated.[4] *See also Alcom Electronic Exchange, Inc. v. Burgess,* 849 F.2d 964, 966–69 (5th Cir.1988); *Alcorn County Miss v. U.S. Interstate Supplies,* 731 F.2d 1160, 1165–66 (5th Cir.1984); *Tower v. Moss,* 625 F.2d 1161, 1164–65 (5th Cir.1980); 10 C. Wright, A. Miller, M. Kane *Federal Practice and Procedure* § 2656 n. 30 (2d ed. 1983); and 6 J. Moore, W. Taggart, and J. Wicker

had the discretion to retain the case or to remand it. *See Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 622, 98 L.Ed.2d 720 (1988). The decision to retain jurisdiction over the pendent state law claims was not an abuse of the district court's discretion. *See e.g., Brown v. Southwestern Bell Telephone Co.,* 901 F.2d 1250, 1254–55 (5th Cir.1990) and 13B Wright, Miller and Cooper, *Federal Practice and Procedure* § 3567.1 (2d ed. 1984).

4. Our precedent on what constitutes a Rule 54(b) certification is in disarray. This Court will soon grapple with this issue en banc in *Kelly v. Lee's Old Fashioned Hamburgers, Inc.,* 896 F.2d 923 (5th Cir.1990). Since we are not relying on Rule 54(b) but on what constitutes a final judgment under 28 U.S.C. § 1291 to exercise jurisdiction, it is clear that the resolution of the issue presented in *Kelly* will not affect our decision in the instant appeal.

*Moore's Federal Practice* 54.28[2] n. 35 (2d ed. 1988).

Although the instant appeal satisfies the dictates of 28 U.S.C. § 1291, there are four problems with the notice of appeal.

■ First, the notice is premature. F.R.A.P. 4(a)(2) states "a notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry." We have not construed 4(a)(2) strictly and have held that a notice of appeal filed before a judgment is announced and entered is valid. *See e.g., Alcom,* 849 F.2d at 966–69 and *Alcorn,* 731 F.2d at 1165–66. *But see United States v. Hansen,* 795 F.2d 35, 37–38 (7th Cir.1986) (holding that F.R.A.P. 4(a)(2) saves a premature notice of appeal only if it is filed after a final judgment is announced but before it is entered).

■ Second, the notice does not specify the parties taking the appeal. The failure to properly designate the appellants is usually fatal. *See, e.g., Torres v. Oakland Scavenger,* 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988). This defect may be cured, however, by filing a supporting memorandum or some other paper which contains the names of each appellant. *See Brotherhood of Railway Carmen v. Atchison, Topeka & Santa Fe,* 894 F.2d 1463, 1464–65 (5th Cir.1990) and *Griffin v. Johnston,* 899 F.2d 1427 (5th Cir.1990). The appellants' motion to stay the appeal pending Rule 54(b) certification adequately fleshes out the notice of appeal by specifically designating the appellants.

■ Third, the supporting memorandum must generally be filed within thirty days of the judgment or order appealed from. *See* F.R.A.P. 4(a)(1) and *Griffin,* 899 F.2d at 1430. The motion to stay was filed on February 17, 1989 which is more than thirty days after the notice of appeal was filed. F.R.A.P. 4(a)(2) carves out an exception to 4(a)(1) because the notice of appeal is treated as if it were filed on the date judgment is entered pursuant to Fed.R.Civ.P. 58. Thus, both the notice of appeal and the motion to stay must be treated as if they were filed on August 25, 1989.

■ Fourth, the notice of appeal does not specify that the appellants are appealing the August 24, 1989 order which dismissed their claims against Charter Oaks and Deloof. Defects in the judgment specified in the notice of appeal are treated somewhat more liberally than defects in specifying the parties taking the appeal. *See, e.g., Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Torres,* 108 S.Ct. at 2408; and 9 Moore, Ward, and Lucas, *Moore's Federal Practice,* § 203.17[2] (2d ed. 1990). In *C.A. May Marine Supply Co. v. Brunswick Corp.,* 649 F.2d 1049, 1056 (5th Cir.) (per curiam), *cert. denied,* 454 U.S. 1125, 102 S.Ct. 974, 71 L.Ed.2d 112 (1981) we stated:

> Generally a notice of appeal 'shall designate the judgment, order, or part thereof appealed from.' F.R.A.P. 3(c). However, a policy of liberal construction of notices of appeal prevails in situations where the intent to appeal an unmentioned or mislabeled ruling is apparent and there is no prejudice to the adverse party.... The party who makes a simple mistake in designating the judgment appealed from does not forfeit his right of appeal where the intent to pursue it is clear....
>
> Where the appellant notices the appeal of a specified judgment only or a part thereof, however, this court has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal.... In this situation, because the intent to appeal is not apparent, prejudice to the adverse party is likely to result if review is granted. Where parts of a judgment are truly independent, there is more likelihood that the designation of a particular part in the notice of appeal will be construed as an intent to leave the unmentioned portions undisturbed.

*See also Ingraham v. United States,* 808 F.2d 1075, 1080 (5th Cir.1987) and *Incas and Monterey Printing v. M/V Sang Jin,* 747 F.2d 958, 963 n. 15 (5th Cir.1984), *cert. denied,* 471 U.S. 1117, 105 S.Ct. 2361, 86 L.Ed.2d 261 (1985). By specifically desig-

nating the December 6, 1988 order in the notice of appeal, the appellants clearly did not intend to appeal the August 24, 1989 order. Additionally since it had not yet been granted appellants could not have intended to appeal the August 24 order. This procedural default is clearly the appellants' fault since they could have appealed the August 24 order by filing a new notice of appeal. We are without jurisdiction, therefore, to review the August 24, 1989 order dismissing the claims against Charter Oaks and Deloof and will consider only the December 6, 1988 dismissal of Fidelity. *But see Lynn v. Sheet Metal Workers' Intern. Ass'n.,* 804 F.2d 1472, 1481 (9th Cir.1986) (holding that the failure to notice a judgment is not fatal if the issues encompassed in that order are briefed), *aff'd on other grounds,* 488 U.S. 347, 109 S.Ct. 639, 102 L.Ed.2d 700 (1989).

### The Merits

The district court dismissed the appellants' claims for failure to state a claim upon which relief may be granted and for lack of standing. We agree that dismissal was proper under Fed.R.Civ. 12(b)(6).

The district court's decision to grant dismissal under 12(b)(6) is reviewed de novo. In *Investors Syndicate v. City of Indian Rocks Beach, Fla.,* 434 F.2d 871, 876 (5th Cir.1970), we stated:

The basic legal tenets governing appellate review of a trial court's ... dismissal on the pleadings may be characterized as truisms, yet they are so critical that they warrant repetition until they become rote. The Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) admits all well-pleaded facts in the complaint which it challenges.... However, consistent with today's practice favoring disposition on the merits, a court must go much further than merely accepting the facts of the complaint. In the case of *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) the Supreme Court restated this emphatic requirement: 'in appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed

for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' 355 U.S. at 45–46, 78 S.Ct. at 102.

Even under this generous standard, it is clear that the appellants' claims should be dismissed.

■■■ The appellants' contractual claims are groundless. Texas recognizes that an insurer has a duty of good faith and fair dealing and that the breach of this duty gives rise to a cause of action but Fidelity does not owe this duty to the appellants who are neither the insureds nor the beneficiaries under the policy. *See e.g., Arnold v. National County Mutual Fire Insurance Co.,* 725 S.W.2d 165, 168 (Tex.1987) (Gonzalez, J., concurring) (one of the elements of the claim is a contract between the insurer and the insured).

■■■ The appellants' statutory claim is grounded on TEX.INS.CODE ANN. art. 21.21, § 16(a) (Vernon 1990):

Any person who has sustained actual damages as a result of another's engaging in an act or practice declared in § 4 of this Article ... [to be] unfair or deceptive acts ... in the business of insurance or in any practice defined by § 17.46 of the Business & Commerce Code ... as an unlawful trade practice may maintain an action against the person ... engaging in such acts.

The appellants argue that any person means every person and since they have been injured by an insurer who engaged in an act prohibited by art. 21.21, they are entitled to bring a claim against Fidelity.

The broad reading of the statute urged by the appellants is precluded by precedent and by logic. Texas does not permit any person to recover under art. 21.21 unless there is a direct and close relationship between the wrongdoer and the claimant.[5] In *Chaffin v. Transamerica Ins. Co.,* 731 S.W.2d 728 (Tex.Ct.App.1987), for example, the court held that the term 'person' in art. 21.21 means either an insured or a beneficiary of the policy. The *Chaffin* court may have drawn the line around the meaning of

---

5. The appellants admit that precedent is unfavorable to their position but argue that the Tex-

as Supreme Court has not yet ruled on this issue. This argument does little to help the

person too narrowly. In *Hermann Hosp. v. National Standard Ins.*, 776 S.W.2d 249 (Tex.Ct.App.1989), for example, the court took a somewhat broader view of this term. Before admitting a patient, the plaintiff hospital verified that he had coverage with the defendant insurance company. The insurance company stated that the patient had coverage and subsequently denied benefits to the insured. The hospital brought suit and the insurer attempted to non-suit the plaintiff by arguing that in the absence of privity of contract, art. 21.21 did not afford the hospital relief. The court disagreed because it found that the insurer had made a negligent misrepresentation to the hospital. *Chaffin* and *Hermann* stand for the proposition, therefore, that absent privity of contract or some sort of reliance by the person bringing a claim on the words or deeds of the insurer, a suit will not lie under art. 21.21.

Nor does the appellants' position—that any person means each and every person—have any basis in logic. According to the appellants, Fidelity could be sued by every individual whose injury has some sort of causal nexus with the failure of the appellants' bank. The restaurants in which the appellants ate but can no longer afford, the stores in which they once bought the necessities of daily life, and those businesses which sold their goods to the now failed bank have all suffered injury and could claim that they are entitled to relief under art. 21.21. A line limiting liability must be drawn somewhere and the appellants fall outside of this line.

### Conclusion

For the foregoing reasons, the appeal is DISMISSED in part and the district court judgment is AFFIRMED in part.

appellants. Although the door has not yet been permanently shut in the appellants' faces by the Texas Supreme Court, its cases strongly suggest that it would not interpret any person to mean every person. *See e.g., Vail v. Texas Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129 (Tex.1988) (insured may bring suit under art. 21.21 and

*Aetna Cas. & Sur. Co. v. Marshall*, 724 S.W.2d 770 (Tex.1987) (plaintiff who settled a workman's compensation claim and whose settlement was incorporated into a judgment could sue under art. 21.21 an insurance carrier who had engaged in unfair acts under the terms of the judgment).