UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20772
Summary Calendar

_____


RONALD J. MERRIWEATHER,

Plaintiff-Appellant,

versus

AIR PRODUCTS INC, ET AL.,

Defendants,

AIR PRODUCTS INC; AIR PRODUCTS & CHEMICALS INC; CYNTHIA C CLARK,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Southern District of Texas
Civil Docket No. H-99-CV-1599

_____

April 15, 2002


Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

After consideration of the briefs and relevant parts of

the record, we **AFFIRM** the decision of the district court.

On appeal, plaintiff Ronald Merriweather makes three main

contentions. First, Merriweather argues that the district court

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

erred in adopting a magistrate judge's memorandum and recommendation and granting summary judgment for the defendants on his Title VII claims of disparate treatment.

The magistrate judge concluded that Merriweather had not made out a prima facie of disparate treatment; that, even assuming that Merriweather had done so, the defendants met their burden of showing a legitimate nondiscriminatory reason for their actions; and that Merriweather presented no evidence that this was a pretext for discrimination.

We need not decide whether a prima facie case of disparate treatment or retaliation was established, for we agree with the magistrate judge and the district court that Merriweather did not present evidence of pretext. The defendants' undisputed evidence showed that Merriweather was terminated after Anthony Williams concluded that Merriweather had misrepresented and concealed information from his employer without any good reason after being given an opportunity to explain certain sudden absences from work. Merriweather did not tell Williams that he had been spending some of his time off personally litigating a lawsuit against a third party -- even though the purported reason for Merriweather's absence was that he was sick. Merriweather has not offered evidence from which a finder of fact could conclude that this reason for the termination decision was false. Price v.

2

Federal Express Corp., 2002 WL 264247, *4-*5 (5th Cir. Mar. 12, 2002).

Holding that the defendants were entitled to summary judgment, of course, is not a decision on whether the termination was right or wrong. There was ample evidence that Merriweather was a gifted, dedicated employee, as well as evidence that he was mistreated by one or more of his supervisors. But because Merriweather's supervisors did not play a role in the termination decision, how they treated him does not bear on the narrow legal question whether evidence of pretext was produced under Title VII.

Merriweather next argues that the district court erred in denying Merriweather's motion to amend his complaint a second time to "[a]dd Family Medical Leave Act [FMLA] violations." (Other amendments were proposed in this motion, but Merriweather does not object on appeal to the denial of these amendments.) The motion to amend was filed on December 30, 1999, the day before the deadline for amending the pleadings set forth in the district court's pretrial scheduling order, Fed R. Civ. P. 16(b). The motion did not include a copy of either proposed amendments or a proposed amended complaint. As to the FMLA, the motion said simply that it was "required" that one "[a]dd Family Medical Leave Act [FMLA] violations." The motion did not say what those violations were or provide any details beyond this bare conclusory statement. The motion did not give any reasons for making such an amendment.

3

The district court denied the motion to amend for two reasons. First, Merriweather had filed his motion after entry of the pretrial scheduling order in the case, yet failed to show good cause for his amendment. See Fed. R. Civ. P. 16(b) (scheduling order "shall not be modified except on a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge"). Second, Merriweather had increased the risk of prejudice to the defendants by failing to attach a copy of his proposed amended complaint to his motion. Without a copy of the proposed amended complaint, the defendants could not have notice of the contents of his proposed amendments.

We review the district court's denial of leave to amend for an abuse of discretion, keeping in mind that the district court's discretion is limited by Fed. R. Civ. P. 15(a), which states that leave to amend must be "freely given when justice so requires," and thus evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 872 (5th Cir. 2000). The district court did not abuse his discretion here, because Merriweather made no attempt to justify

4

his late amendment or even to explain what facts underlay it. Even at this stage, we are uninformed of the basis for any FMLA claim.[1]

Merriweather's final argument is that the district court erred in denying his motion to strike the defendants' response to his objections to the magistrate judge's memorandum and recommendation. The motion to strike was filed on July 13, 2001; Merriweather filed his notice of appeal on July 17, 2001; and the district court denied the motion to strike on July 19, 2001, noting that it would have adopted the magistrate judge's memorandum and recommendation regardless of the arguments presented in the defendants' response. Unsurprisingly, the notice of appeal filed on July 17 does not refer to the district court's July 19 decision denying the motion to strike; instead, the notice of appeal refers only to the final judgment entered on July 9, 2001. See Fed. R. App. P. 3(c)(1)(B) (notice of appeal must "designate the judgment, order, or part thereof being appealed"). We therefore lack jurisdiction to consider the challenge to the district court's denial of his motion to strike.[2]

---

[1] Because we affirm the district court's denial of leave to amend, we need not address Merriweather's related contention that the district court's grant of summary judgment was somehow improper because of his FMLA allegations -- which were not before the district court when it granted summary judgment.

[2] See Capital Parks, Inc. v. Southeastern Adver. and Sales Sys., Inc., 30 F.3d 627, 630 (5th Cir. 1994) (where district court entered final judgment, appellant Capital filed motion to amend complaint, and court denied motion, and where Capital's notice of appeal explicitly appealed from final judgment but did not mention denial of motion to amend, denial was not properly before this court) ("Where the appellant notices the appeal of a specified judgment only or a part

5

For these reasons, the district court's judgment is

**AFFIRMED.**

---

thereof, ... this court has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal.") (ellipsis in original; citations omitted); <u>Warfield v. Fid. and Deposit Co.</u>, 904 F.2d 322, 325-326 (5th Cir. 1990) ("By specifically designating the December 6, 1988 order in the notice of appeal, the appellants clearly did not intend [in notice of appeal of January 5, 1989] to appeal the August 24, 1989 order. Additionally since it had not yet been granted appellants could not have intended to appeal the August 24 order. This procedural default is clearly the appellants' fault since they could have appealed the August 24 order by filing a new notice of appeal. We are without jurisdiction, therefore, to review the August 24, 1989 order . . .").