IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 24, 2008

Charles R. Fulbruge III
Clerk

No. 08-40189

DELFINO PARRA, JR.

Plaintiff - Appellant

v.

MARKEL INTERNATIONAL INSURANCE COMPANY LIMITED, formerly known as Terra Nova Insurance Company Ltd.

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas, Laredo
5:06-CV-59

Before DAVIS, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The Appellant, Delfino Parra, Jr. ("Parra"), challenges the district court's order granting summary judgment to Appellee, Markel International Insurance Company Limited ("Markel"), on grounds that Markel's policy provided no coverage to its insured, Interamerican Textile Incorporated ("Interamerican"), to cover the judgment Parra obtained against Interamerican.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Parra worked intermittently for Interamerican on an as needed basis. While engaged in this work in Interamerican's warehouse, he suffered serious injury. Interamerican exercised its option to operate outside the workers' compensation program in Texas and therefore carried no workers' compensation insurance. Interamerican did maintain a commercial general liability policy with surplus lines insurer, Markel. Because Interamerican was a non-subscriber to the Texas workers' compensation program, it had no tort immunity and therefore Parra sued Interamerican for damages under Texas tort law. Interamerican did not notify Markel of the suit and Parra obtained a judgment against Interamerican for a sum in excess of $1 million. Parra then sought to recover this judgment from Markel as a third party beneficiary under Interamerican's commercial general liability policy with Markel.

Markel filed a motion for summary judgment contending that it provided no coverage for the judgment Parra obtained against its insured based on the following exclusion:

**Exclusions**
e. Employer's liability
"Bodily injury" to:
(1) an "employee" of the insured arising out of and in the course of:
    (a) Employment by the insured; or
    (b) Performing duties related to the conduct of the insured's business...
**Definitions**
(5) "Employee" includes a "leased worker." "Employee" does not include a "temporary worker"
(9) "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker."
(17) "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

Markel contended that Parra was an employee of the insured at the time of his injury and coverage was excluded. Parra argued that he was a "temporary

worker" and that the district court erred in concluding that liability for his injury was excluded under the "employee" exclusion. As indicated from the policy language quoted above, temporary worker is a defined term: "temporary worker means a person who is furnished to you to substitute for a permanent employee on leave or to meet seasonal or short-term workload conditions." The district court concluded that although Parra was a worker used to meet short-term workload conditions, the summary judgment evidence established that he was not "furnished" to Interamerican. The district court concluded that for this reason, he did not meet the policy definition of "temporary worker".

The record reveals that Interamerican sometimes called Parra when it needed temporary workers and at other times Parra would contact Interamerican through its warehouse supervisor, Guerrero. On occasion Guerrero would contact Parra when temporary help was needed. Parra argued that he was "furnished" to Interamerican by Guerrero. The district court concluded that the clause "person who is furnished to you" required a showing that a third person rather than an agent or employee of the employer referred the temporary worker to the employer for employment. We agree. As the Eighth Circuit in Northland Casualty Co. v. Meeks, 540 F.3d 869, 875 (8th Cir. 2008), stated, "we find that the policy's use of the term 'furnished to' is unambiguous and clearly requires the involvement of a third party in furnishing a worker either to 'substitute for a permanent 'employee' on leave' or 'to meet seasonal or short-term workload conditions.'" Id. at 875. We agree with this analysis and also agree with the Meeks court that attaching any other meaning to the term would render the provision meaningless.

We therefore agree with the district court that the policy provided no coverage for the judgment obtained by Parra.

Parra asserted additional claims for violation of various provisions of the Texas Insurance Code which would preclude Markel from asserting coverage

defenses in the policy. However, to have standing to assert rights under the Texas Insurance Code and claim the benefits of violations of that Code by an unauthorized insurer requires that a plaintiff qualify as a third-party beneficiary of the insurance policy.

We agree with the district court that Parra, who is a potential judgment creditor of Markel since he holds a judgment against its insured, is nevertheless not a third-party beneficiary. See Palma v. Verex Assur., Inc., 79 F.3d 1453, 1457 (5th Cir. 1996).

Parra also asserts a claim under the Texas Insurance Code § 541.151 for unfair or deceptive practices by insurers. However, as we held in Warfield v. Fidelity and Deposit Co., 904 F.2d 322, 327 (5th Cir. 1990), Texas law does not permit a person to recover under this section unless there is a direct and close relationship between wrongdoer and claimant. In other words, the plaintiff must establish either privity with the insurer or some sort of reliance on actions of the insurer. Parra failed to demonstrate either privity or reliance.

For the reasons stated above and the reasons stated in the district court's thorough December 11, 2007 opinion, we affirm the district court's judgment.

AFFIRMED.