# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41384
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 14, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

JAMES BRANDON STROUSE,

Defendant−Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CR-46-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

James Strouse filed a notice of appeal from an order denying his motion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under Federal Rule of Criminal Procedure 36 to correct the presentence report ("PSR") after his conviction of possession of child pornography.  He does not address that motion in his appellate brief, however, and thereby has effectively not appealed that issue.  *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also Yohey v. Collins,* 985 F.2d 222, 224−25 (5th Cir. 1993).

Instead, Strouse's brief challenges an order by the district court, in a separate case, that denied a Federal Rule of Civil Procedure 60(b) motion.  He also moves to vacate the Rule 60(b) order and to remand that case to the district court.  The Rule 60(b) motion is pending before this court in another appeal.  Thus, with respect to Strouse's Rule 36 and Rule 60(b) issues, the appeal is DISMISSED as frivolous.  *See Howard v. King*, 707 F.3d 215, 220 (5th Cir. 1983).

To the extent that Strouse also seeks review of the order denying his recusal motion under 28 U.S.C. § 455, we lack jurisdiction because the notice of appeal designated the Rule 36 order and was filed before the § 455 order was issued, so the appeal in that respect is DISMISSED for want of jurisdiction.  *See* FED. R. APP. P. 3(c)(B); *Warfield v. Fid. & Deposit Co.*, 904 F.2d 322, 325−26 (5th Cir. 1990).  Strouse's motions to disqualify the judge, vacate the judge's orders, and remand are DENIED, as is Strouse's motion to consolidate the two appeals.