# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 2, 2021

Lyle W. Cayce
Clerk

No. 21-30016
Summary Calendar

Iona Sanders,

*Plaintiff—Appellant*,

*versus*

Christwood, a Louisiana Non-Profit Corporation,
Improperly Named as Christwood L.L.C.,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CV-9733

Before Davis, Dennis and Ho, *Circuit Judges*.

Per Curiam:*

This case involving claims under Title VII of the Civil Rights Act and the Louisiana Whistleblower Statute ("LWS") returns to this Court after we previously affirmed the district court's grant of summary judgment on the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30016

Title VII claims and remanded the case for the district court to reconsider the LWS claims. Plaintiff appeals the district court's grant of summary judgment on the LWS claims. We AFFIRM.

## I. Background[1]

In 2008, Plaintiff, Iona Sanders, who is African-American, began working for Christwood, L.L.C., a nonprofit corporation that owns and operates a continuing-care retirement community in Covington, Louisiana. Sanders was promoted to the position of assisted living unit (ALU) director at some point between March 2015 and November 2016. On December 4, 2016, Christwood notified Louisiana's Department of Health that Sanders was the new ALU director.

On December 19, 2016, a resident of the ALU wandered off the premises and was found three hours later with hypothermia. Christwood was required to file an incident report with the state within 24 hours. Later that day, the nurse on duty, Ian Thompson, prepared a report and Sanders signed off on it. The report was submitted to Sanders's immediate supervisor, Tami Perry, who, as residential health services director, was responsible for overseeing Christwood's ALU, among other units.

Pertinent to this appeal, Perry asked Sanders to work with Thompson to redo or revise the report by noon the next day, but Sanders believed it was illegal and inappropriate to require Thompson to make changes to the report and did not order him to do so. That night, Perry emailed Sanders, reminding her that the report was due the next day, December 20, at noon. According to Perry, Sanders called her on December 21 and said that she had not

---

[1] Many of the facts in this case are taken verbatim from this Court's previous ruling in *Sanders v. Christwood*, 970 F.3d 558, 560-61 (5th Cir. 2020).

submitted the report. On December 24, Perry completed and submitted the incident report without Sanders's assistance.

Following the incident report debacle, Sanders was reassigned to a quality assurance coordinator position in Christwood's skilled nursing unit with the same pay, benefits, and hours as her previous position.[2] After Sanders's reassignment and an incident involving the administration of medication to residents, Sanders began to contest her reassignment at Christwood and characterized it as a demotion.[3] This episode eventually led to an end to her employment with Christwood.[4]

Sanders sued Christwood alleging intentional discrimination under Title VII of the Civil Rights Act related to her reassignment. She also brought claims under the LWS related to the incident report. In December 2018, Christwood moved for summary judgment, which the district court granted. We affirmed the district court's grant of summary judgment on Sanders's Title VII claims.[5] We remanded the case for the district court to consider the merits of the LWS claims after we determined—contrary to the district court—that Christwood was Sanders's "employer" under the LWS.[6]

In January 2021, the district court granted summary judgment in favor of Christwood on Sanders's LWS claims. The district court considered Sanders's argument that Christwood violated state law by not submitting the original draft of the incident report to the Louisiana Department of Health but ultimately determined that no state law was actually violated as required

---

[2] *Sanders*, 970 F.3d at 561.

[3] *Id.*

[4] *Id.*

[5] *Id.* at 566.

[6] *Id.* at 563-66.

No. 21-30016

by the LWS. Sanders timely appealed the district court's judgment, and in addition, seeks to relitigate issues decided in this Court's previous ruling.

## II. Discussion

We review a grant of summary judgment de novo.[7] Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[8]

The numerous issues Sanders has briefed on appeal can be condensed to four categories: (1) issues related to Title VII on which this Court has already ruled; (2) new issues related to various claims and procedures not previously raised; (3) the merits of the district court's dismissal of her LWS claims; and (4) the denial of her motion to recuse the district judge.

With the exception of the dismissal of the LWS claims, none of the issues raised by Sanders are properly before this Court. Under the law of the case doctrine, "an issue of law or fact decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal."[9] The doctrine also extends to issues of law or fact decided "by necessary implication."[10] Thus, Sanders's arguments regarding this Court's prior disposition of the Title VII claims are barred by the law of

---

[7] *Id.* at 561.

[8] Fed. R. Civ. P. 56(a).

[9] *Gene & Gene, L.L.C. v. BioPay, L.L.C.*, 624 F.3d 698, 702 (5th Cir. 2010) (quoting *Fuhrman v. Dretke*, 442 F.3d 893, 896 (5th Cir. 2006)).

[10] *In re Felt*, 255 F.3d 220, 225 (5th Cir. 2001); *DeJoria v. Maghreb Petroleum Expl., S.A.*, 935 F.3d 381, 394 (5th Cir. 2019), *as revised* (Aug. 16, 2019), *cert. denied*, 140 S. Ct. 2718 (2020).

the case doctrine.[11] Likewise, to the extent that Sanders raises new arguments not previously raised in the district court, we decline to consider them.[12]

We also decline to review the district court's denial of Sanders's motion to recuse. Sanders's notice of appeal designates that her appeal is taken "from the order granting Judgment entered in this action on 5 day of January, 2021." That judgment concerns the district court's grant of summary judgment on the LWS claims. A notice of appeal must designate the judgment or order being appealed, otherwise, this Court may lack jurisdiction to review the order.[13] Although we liberally construe defects in specifying judgments in a notice of appeal, we typically do not exercise jurisdiction to review an order outside of an explicitly designated order in the notice of appeal.[14] This is especially true when the non-designated order is not impliedly intended for appeal.[15] Because the January 5, 2021 order granting summary judgment is specifically designated in the notice of appeal, and that judgment and accompanying briefing do not involve issues related to the recusal motion, we decline to entertain Sanders's arguments related to the denial of her recusal motion.

---

[11] Sanders has presented no argument that an exception to the law of the case doctrine applies, and we find no reason to reexamine the Title VII claims. *See Gene*, 624 F.3d at 702 ("Exceptions to the doctrine allow reexamination of issues decided on appeal only if (i) the evidence on a subsequent trial was substantially different, (ii) controlling authority has since made a contrary decision of the law applicable to such issues, or (iii) the decision was clearly erroneous and would work a manifest injustice.") (internal quotations and citation omitted).

[12] *Est. of Duncan v. Comm'r of Internal Revenue*, 890 F.3d 192, 202 (5th Cir. 2018) ("This court will not consider arguments first raised on appeal . . . .").

[13] FED. R. APP. P. 3(c)(1)(B); *Warfield v. Fid. & Deposit Co.*, 904 F.2d 322, 325 (5th Cir. 1990).

[14] *Warfield*, 904 F.2d at 325.

[15] *Id.*

No. 21-30016

Thus, the district court's dismissal of Sanders's LWS claims related to the incident report is the only issue properly before this Court. In analyzing the LWS claims, the district court correctly determined that an employee seeking relief under the statute must establish that the employer was actually violating state law. The LWS provides:

> A. An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law:
>
> (1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law.
>
> (2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law.
>
> (3) Objects to or refuses to participate in an employment act or practice that is in violation of law.[16]

This Court and the Louisiana Supreme Court have held that, under the statute, it is the plaintiff-employee's burden to prove an *actual* violation of Louisiana law.[17] We agree with the district court's careful and detailed analysis that Sanders has not established and the record summary judgment evidence does not show that Christwood committed or encouraged any

---

[16] LA. STAT. ANN. § 23:967(A).

[17] *Herster v. Bd. of Supervisors of Louisiana State Univ.*, 887 F.3d 177, 187 (5th Cir. 2018) ("[Plaintiff] must prove that LSU "committed an *actual* violation of [Louisiana] law.") (internal quotations and citation omitted); *Encalarde v. New Orleans Ctr. for Creative Arts/Riverfront*, 158 So. 3d 826, 826 (La. 2015) ("In order to bring an action under La. R.S. 23:967, the employee must establish the employer engaged in workplace conduct constituting an actual violation of state law.").

No. 21-30016

actual violations of the state laws that Sanders alleges were violated in her complaint.[18]

## III. Conclusion

For the foregoing reasons and the reasons stated by the district court, the judgment of the district court is AFFIRMED.

---

[18] The district court evaluated (1) timely reporting under LA. ADMIN. CODE tit. 48 pt. I § 6871(F)(1); (2) retention of documents under LA. ADMIN. CODE tit. 48 pt. I § 6871(F)(6); and (3) Falsification of records under LA. REV. STAT. ANN. § 37:921 and LA ADMIN CODE tit. 46 pt. XLVII § 3405, 306. The district court found no violation regarding timely reporting since Sanders herself caused the untimely submission of the incident report that Christwood insisted be timely submitted. The district court found no violation regarding retention of documents because there was no proof that the initial incident report or other nurse's notes were destroyed. In addition, the district court determined that a separate draft report of the incident for submission to the state that was torn up during the drafting was not the type of document covered under the regulation. Even if it was, Sanders did not advise Christwood that discarding a draft would violate state law. With regard to falsification of records, the district court correctly determined that the applicable laws do not prevent Christwood from revising or supplementing an initial incident report for submission to the state.