# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 1, 2022

Lyle W. Cayce
Clerk

No. 21-60640
Summary Calendar

─────────────

Chakakhan R. Davis,

*Plaintiff—Appellant*,

*versus*

Dollar General Corporation, L.L.C.,

*Defendants—Appellees*.

─────────────

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:20-CV-274

─────────────

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.
Per Curiam:*

Chakakhan Davis alleges that she was injured by the doors at two different Dollar General stores in Mississippi. The district court granted summary judgment to Dollar General, which Davis appealed. We affirm.

─────────────

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60640

## I.

Davis alleges that she was injured in February 2019 when a manual push door at a Dollar General store jammed on her arm. Davis filed a customer injury claim with Dollar General. This claim was denied as false after a Dollar General Claims Representative reviewed surveillance footage demonstrating that Davis walked through the door without issue. Davis also alleges that she was injured by an electric-powered door at a different Dollar General store in 2020. She again filed a customer injury claim; this claim was also denied as false after a different Dollar General Claims Representative reviewed surveillance footage demonstrating that Davis walked through the door without issue. Dollar General also sent a letter to Davis, informing her that she was banned from all its stores and no longer an invitee to any of its stores.[1]

Proceeding *pro se*, Davis sued Dollar General and the two Claims Representatives, seeking five trillion dollars in damages.[2] Davis asserted claims for negligence, discrimination in violation of 42 U.S.C. § 1981 and Title II of the Civil Rights Act of 1964, and defamation. The district court granted summary judgment to Dollar General as to each of Davis's claims.

## II.

We review *de novo* a district court's grant of summary judgment.[3] Summary judgment is proper "if the movant shows that there is no genuine

---

[1] During the period from 2012 to 2016, Davis previously filed five other claims with Dollar General, all of which were denied.

[2] In her complaint and notice of appeal, Davis named "Dollar General Corporation, LLC" as the defendant. There appears to be no Dollar General Corporation, LLC, but this misnomer was resolved when the Dollar General Corporation—less the "LLC"—was served and participated in the proceedings below, thus there is no issue on appeal.

[3] *Martin Res. Mgmt. Corp. v. AXIS Ins. Co.*, 803 F.3d 766, 768 (5th Cir. 2015).

dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] A summary judgment ruling "will be affirmed by this court when the nonmoving party fails to meet its burden to come forward with facts and law demonstrating a basis for recovery that would support a jury verdict."[5] Additionally, we review the denial of a motion for reconsideration for abuse of discretion.[6]

## III.

As a preliminary matter, we must address what is before us on appeal. In her brief, Davis's Statement of the Issues presents a multitude of issues from various points of the proceedings, but this list is not supported by her notice of appeal. "The notice of appeal must . . . designate the judgment, order, or part thereof being appealed[.]"[7] Davis's notice of appeal states that her appeal concerns only three orders: the grant of summary judgment to Dollar General, the denial of default judgment against Dollar General, and the denial of prospective relief. While we are not exacting in our reading of the orders specified in a notice of appeal,[8] we are mindful that "[t]he purpose of the notice of appeal is to provide sufficient notice to the appellees and the courts of the issues on appeal."[9] With no apparent intent to appeal other

---

[4] Fed. R. Civ. P. 56(a).

[5] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1071 (5th Cir. 1994).

[6] *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 966 F.3d 351, 361 (5th Cir. 2020).

[7] Fed. R. App. P. 3(c)(1)(b).

[8] *Warfield v. Fid. & Deposit Co.*, 904 F.2d 322, 325 (5th Cir. 1990).

[9] *R.P. ex rel. R.P. v. Alamo Heights Indep. Sch. Dist.*, 703 F.3d 801, 808 (5th Cir. 2012).

No. 21-60640

orders discernable in Davis's notice to appeal, we review the issues properly before us—the three orders presented in the notice of appeal.[10]

We affirm the grant of summary judgment to Dollar General. Dollar General presented video surveillance footage as well as affidavits to rebut each of Davis's claims. Davis failed to present evidence to create a genuine issue of material fact as to any of her claims and her bare assertions are insufficient to survive the summary judgment standard.[11]

We affirm the denial of Davis's motion for default judgment against Dollar General. Davis argued that she was entitled to default judgment as Dollar General had not responded to her complaint, but Dollar General had responded.

Finally, we affirm the denial of Davis's motion for prospective relief. Although Davis labeled her motion as a motion for prospective relief, the district court properly recognized that this was actually a motion for reconsideration under Federal Rule of Civil Procedure 59(e) and analyzed it as such.[12] As Davis failed to identify an intervening change in the controlling law, newly discovered evidence that was previously unavailable, or a manifest error of law or fact, the district court did not abuse its discretion in denying the motion.[13]

---

[10] *McCardell v. U.S. Dep't of Hous. & Urb. Dev.*, 794 F.3d 510, 516 (5th Cir. 2015).

[11] *Little*, 37 F.3d at 1075.

[12] *Castro v. United States*, 540 U.S. 375, 381–82 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category . . . They may do so in order to . . . create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis.").

[13] *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012)

## IV.

For the foregoing reasons, we AFFIRM, urging Davis to heed the words of caution of the district court: if a court finds that Davis "engaged in vexatious litigation or acted in bad faith," it "may issue monetary sanctions against her and issue an injunction barring her from filing any new lawsuit" without prior approval from the court.