**COOK INDUSTRIES, INC.,
Plaintiff-Appellee,**

v.

**COMMUNITY GRAIN, INC. and Bill R. Waldrep, Defendants-Appellants.**

No. 77–3439.

United States Court of Appeals,
Fifth Circuit.

March 31, 1980.

Rehearing Denied May 16, 1980.

---

Pearson & Caballero, Raymond C. Caballero, El Paso, Tex., for Bill Waldrep and Community Grain.

Gibson, Ochsner, Adkins, Harlan & Hankins, John T. Huffaker, Amarillo, Tex., for plaintiff-appellee.

Before JONES, BROWN and RUBIN, Circuit Judges.

PER CURIAM:

This is an appeal from judgments in two consolidated cases. In the first case, Cook Industries, Inc. (Cook) sued Community Grain, Inc. (Community) for breach of a contract involving the purchase of grain which Community allegedly failed to deliver. Also in the first case, Cook sued Community's President, Bill Waldrep, claiming breach of fiduciary duty to creditors of Community. In the second case, Community and Waldrep sued Cook, claiming that Cook's agent, John Tuggle, wrongfully interfered with contractual relations which Community and Waldrep had with the First National Bank of Hereford, Texas (the Bank). Specifically, Community and Waldrep claimed that Tuggle slandered them, causing the Bank to cancel Community's line of credit and call due all outstanding notes, and ruining Community's ability to borrow in the future.

The District Court entered a directed verdict against Waldrep in the interference action brought by Community and Waldrep, finding that Waldrep had no individual cause of action against Cook. The other matters were submitted to the jury on special issues as permitted by F.R.Civ.P. 49(a). The jury found in favor of Cook on the contract claim and judgment was entered against Community for $135,000. The jury found against Cook on the claim against Waldrep for breach of fiduciary duty. On the interference question, the jury found (i) that Tuggle interfered with Community's contractual relations while acting in the course of his employment, and (ii) that Community suffered damages as a result of that interference, but the jury also found (iii) that Tuggle did not have the requisite knowledge and intent to establish liability. Since an essential element of the cause of action was lacking, judgment was entered in favor of Cook. Community appeals the breach of contract judgment and both Community and Waldrep appeal the judgment in the interference countersuit. We affirm the judgments below.

■ In attacking the judgment in the breach of contract claim, Community contends that the District Court erred in not adopting as a matter of law Community's interpretation of the grain contract. The contract is, to put it mildly, ambiguous. Although the interpretation of a contract is normally a question of law for the Court, that interpretation frequently depends heavily on the resolution of factual disputes. And it is the function of the trier of fact to resolve such factual disputes. *Cf. General Wholesale Beer Co. v. Theodore Hamm Co.,* 567 F.2d 311, 313 (5th Cir. 1978). In this case, the District Court was faced with numerous factual questions, including whether (and how) to read certain rules of trade into the contract. These factual questions were resolved by the jury in the course of deciding the special issues.[1] We cannot say that the jury's explicit and implicit findings are unsupported by substantial evidence.

Community offers a laundry list of other challenges to the breach of contract judgment. We have considered these other challenges and find them to be without merit.

■ In the interference with contractual relations action, Community contends[2] that the District Court erred in submitting to the jury Special Issue No. 12, which required a finding of willful and intentional conduct in order to prove interference with Community's contractual relations with the Bank.[3] Throughout the case, Community's own requested instructions consistently referred to elements of willfulness and intent.

Moreover, under Texas law, willfulness and intent are essential elements of a claim of interference with contractual relations. As this Court, speaking of and for Texas, has stated:

> Under Texas law, a tortious interference with a contract entails intentional and willful acts calculated to cause damage and with the unlawful purpose of causing damage to the contracting parties without just cause or lawful right. *See Tippett v. Hart,* 497 S.W.2d 606, 609–11 (Tex.Civ.App., Amarillo 1973), *writ ref'd n. r. e.,* 501 S.W.2d 874 (Tex.1973) (per curiam); *Cooper v. Steen,* 318 S.W.2d 750, 753 (Tex.Civ.App., Dallas 1958, no writ); 33 Tex.Jur.2d *Interference* § 2, at 96. *See also Black Lake Pipeline Co. v. Union Construction Co.,* 538 S.W.2d 80, 91 (Tex.1976); *Clements v. Withers,* 437 S.W.2d 818, 820–21 (Tex. 1969); *Leonard Duckworth, Inc. v. Michael L. Field & Co.,* 516 F.2d 952, 955–56 (5th Cir. 1975); *Robey v. Sun Record Co.,* 242 F.2d 684, 687 (5th Cir.), *cert. denied,* 355 U.S. 816, 78 S.Ct. 20, 2 L.Ed.2d 33 (1957).

*South Central Livestock Dealers, Inc., et al. v. Security State Bank of Hedley, Texas,* 551 F.2d 1346, 1351 (5th Cir. 1977). The special issue was therefore properly submitted to the jury.

We have considered Community's other challenges to the interference with contractual relations judgment and find them to be without merit.

AFFIRMED.

---

1. For example, Special Issue No. 1A stated: "Do you find from a preponderance of the evidence that Cook Industries, Inc. exercised its option to store 5 million pounds of grain with Community Grain, Inc. commencing January 1, 1974?" Special Issue No. 1B stated: "From a preponderance of the evidence find whether the parties to the agreement in question intended for the grain to be delivered in equal parts during each of the months October, November, and December 1973." Special Issue Nos. 1A and 1B were preceded by written instructions to the jury to "take into consideration all of the written terms of the agreements between the parties as well as the usages and customs of the trade in the manner which such agreements are carried out by persons engaged in the buying and selling of grain."

2. As to Waldrep's claim that the District Court improperly dismissed his individual interference action, we find it to be without merit.

3. Special Issue No. 12 provided:
   Do you find from a preponderance of the evidence that the statement by John Tuggle on the occasion in question which you have found interfered with the contractual relations between the bank and Community (if you have so found) were made and done in a willful and intentional manner by Mr. Tuggle to interfere with such contractual relations?