# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30831
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 5, 2016

Lyle W. Cayce
Clerk

SANDRA C. UNDERWOOD; CARNEL JOSEPH; DARNELL JOSEPH; GREGORY JOSEPH; LASHAWN JOSEPH,

Plaintiffs - Appellants

v.

GENERAL MOTORS, L.L.C.,

Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CV-188

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

The appellants filed this lawsuit against GM under Louisiana state law, alleging that a design or composition defect in a GM-made vehicle caused an accident that resulted in the death of the appellants' parents. The district court granted GM's motion for summary judgment, finding that the appellants had not established a genuine issue of material fact for the necessary elements

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30831

of Louisiana's Products Liability Act.  For the reasons discussed below, we affirm.

## BACKGROUND

On April 7, 2012, George and Jeanette Joseph were passengers in a 2006 Saturn Vue.  The driver of the vehicle claims that while he was driving down the highway, the vehicle caught fire, causing him to veer off the highway and hit the guardrail.  George and Jeanette died as a result of the injuries sustained in the accident.  The appellants, George and Jeanette's children, initially filed suit in Louisiana state court against the State of Louisiana, the driver of the vehicle, the driver's insurance company, and GM.  The state court dismissed the claims against the State, and the appellants settled their claims against the driver and his insurance company.  GM then removed the case to federal court based on diversity jurisdiction.

The driver of the vehicle also filed a separate suit in state court against GM and the State of Louisiana.  That suit is ongoing.  The driver and the appellants in this case agreed to share discovery and expert witnesses in their respective claims against GM.

In June 2014, the federal district court entered a scheduling order, according to which the appellants were to identify expert witnesses by November 3, 2014, and produce expert reports by January 15, 2015.  The appellants did not identify any expert witnesses or produce any expert reports until April 2015, when they filed a motion to reset deadlines for expert disclosure (motion to reset deadlines).  In their motion, the appellants claimed that they were unable to gain access to the vehicle involved in the accident until January 16, 2015, because the driver was in possession of the vehicle and the state court discovery proceedings were progressing at a slower pace.  In May 2015, a magistrate judge denied the appellants' motion to reset deadlines because he found that they did not show good cause for failing to comply with

2

No. 15-30831

the scheduling order and because resetting the relevant deadlines would have required cancelling every remaining deadline. The appellants did not object to the magistrate judge's denial of their motion to reset deadlines before the district court.

Shortly thereafter, GM moved for summary judgment. In their opposition to summary judgment, the appellants relied primarily on expert testimony. GM then successfully moved to strike the affidavit and curriculum vitae of the appellants' expert in light of the appellants' failure to comply with the scheduling order. While GM's motion for summary judgment was still pending, the appellants moved for an extension of time to file the affidavit and curriculum vitae of the same expert. In August 2015, The district court denied this motion.

On September 17, 2015, the district court granted GM's motion for summary judgment. The appellants filed a timely notice of appeal, challenging the district court's grant of summary judgment. In their briefs on appeal, however, the appellants also challenge the magistrate judge's denial of their motion to reset deadlines and the district court's failure to provide them with additional time to gather information to oppose the motion for summary judgment.

## DISCUSSION

The appellants argue that the magistrate judge erred in denying their motion to reset deadlines, and, in the same vein, they argue the district court erred in denying an extension of time for discovery. We lack jurisdiction to consider these challenges. An appealing party must specify the order from which it is appealing in the notice of appeal, and this court's jurisdiction is limited to the orders identified in the Notice of Appeal. *See* FED. R. APP. P. 3(c)(1)(B); *Warfield v. Fid. & Deposit Co.*, 904 F.2d 322, 325 (5th Cir. 1990). Although notices of appeals are liberally construed, our jurisdiction only

extends to unmentioned rulings where the appellants' intent to appeal them is apparent and there is no prejudice to the opposing party. *In re Hinsley*, 201 F.3d 638, 641 (5th Cir. 2000).

Here, the appellants' notice of appeal specifically designated only the district court's September 17, 2015, order granting summary judgment for appeal, and it reveals no implied challenge to the magistrate judge's May 2015 ruling on their motion to reset deadlines or the district court's August 2015 ruling on their motion for an extension of time. These unmentioned orders therefore fall outside the scope of the appellants' notice of appeal, and we lack jurisdiction to review them.

Next, the appellants argue that the district court erred in granting GM's motion for summary judgment. They claim the driver's testimony that the vehicle caught fire before hitting the guardrail contradicts GM's experts' opinions that the fire erupted after the impact with the guardrail and therefore creates a genuine issue of material fact. We find this unpersuasive.

"This court reviews a district court's grant of summary judgment de novo, applying the same standards as the district court." *EEOC v. WC&M Enters., Inc.*, 496 F.3d 393, 397 (5th Cir. 2007). Therefore, this court "must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.* Summary judgment is appropriate if "[t]he moving party [shows] that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex v. Catrett*, 477 U.S. 317, 327 (1986)). If the moving party carries its summary judgment burden, the non-moving party must present specific evidence of a genuine issue for trial. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

No. 15-30831

To bring a successful products liability claim under Louisiana law for either a composition defect or a design defect, the appellants must establish that (1) the vehicle was unreasonably dangerous due to a composition defect or a design defect; (2) the composition defect or design defect caused the plaintiffs' damages; and (3) the composition defect or design defect existed when the vehicle left GM's control. LA. REV. STAT. § 9:2800.54. To show that a product is unreasonably dangerous due to a composition defect, a plaintiff must establish that "the product deviated in a material way from the manufacturer's specifications or performance standards for the product." *Id.* § 9:2800.55. And to show that a product is unreasonably dangerous due to a design defect, the plaintiff must show that an alternative design could have prevented the claimed damages and that the alternative design could be feasibly implemented. *Id.* § 9:2800.56.

Here, the appellants failed to establish a genuine issue of material fact regarding a defect in composition because they did not show that the vehicle "deviated in a material way from the manufacturer's specifications or performance standards for the product." *Id.* § 9:2800.55. They presented no evidence establishing GM's specifications or performance standards or how the Saturn Vue in this case differed from them. The appellants also failed to establish a genuine issue of material fact regarding a design defect because they did not present evidence of an alternative, feasible design. *Id.* § 9:2800.56. Further, appellants presented no evidence that any alleged composition or design defect existed when the vehicle left GM's control. *Id.* § 9:2800.54. The appellants assert that the driver's testimony that the fire occurred before the accident creates a genuine issue of material fact, yet the timing of the fire does not, in itself, establish a composition or design defect or show that any such defect existed when it left GM's control.

5

No. 15-30831

Because the appellants failed to establish a genuine dispute as to material facts, the district court properly granted GM's motion for summary judgment.

## CONCLUSION

For these reasons, the judgment of the district court is AFFIRMED.