# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 14, 2022

Lyle W. Cayce
Clerk

No. 21-30056

BlueTarp Financial, Incorporated,

*Plaintiff—Appellee*,

*versus*

Robertson Development, L.L.C.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-13006

Before Elrod, Southwick, and Costa, *Circuit Judges*.

Per Curiam:[*]

This debt-collection contract case returns to this court after our previous limited remand to the district court.[1] Because the supplemented record confirms that the district court had diversity jurisdiction to hear the

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] *See BlueTarp Fin., Inc. v. Robertson Dev., L.L.C.*, No. 21-30056, 2021 WL 3854785 (5th Cir. Aug. 27, 2021).

No. 21-30056

case,[2] we now proceed to the merits.[3] Robertson Development contends on appeal that BlueTarp Financial was not entitled to summary judgment because of a material factual dispute underlying the contractual term "original amount."[4] Because there remains a genuine dispute of material fact, we REVERSE.

---

[2] The record now indicates that Mr. Lawrence Q. Robertson—the sole member of appellant Robertson Development, a Louisiana L.L.C.—is also a Louisiana citizen. Because BlueTarp is a Maine corporation, the parties are completely diverse, as is required for our exercise of jurisdiction pursuant to 28 U.S.C. § 1332. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978). On remand, the district court also correctly determined that Morrison Lumber was not a necessary party to this case because the settlement agreement upon which BlueTarp seeks to recover was solely between BlueTarp and Robertson Development. Accordingly, diversity remains complete.

[3] As an initial jurisdictional matter, we note that Robertson Development did not specify in its notice of appeal the district court's first summary judgment order dated November 5, 2020, which concluded that Robertson Development breached its settlement agreement with BlueTarp. Ordinarily, "this court's jurisdiction is limited to the orders identified in the Notice of Appeal." *Underwood v. Gen. Motors, L.L.C.*, 642 F. App'x 468, 471 (5th Cir. 2016) (citing Fed. R. App. P. 3(c)(1)(B) and *Warfield v. Fid. & Deposit Co.*, 904 F.2d 322, 325 (5th Cir. 1990)). However, we have "treat[ed] notices of appeal relatively liberally 'where the intent to appeal an unmentioned or mislabeled ruling is apparent and there is no prejudice to the adverse party.'" *R.P. ex rel. R.P. v. Alamo Heights Indep. Sch. Dist.*, 703 F.3d 801, 808 (5th Cir. 2012) (quoting *C.A. May Marine Supply Co. v. Brunswick Corp.*, 649 F.2d 1049, 1056 (5th Cir. 1981)). We have also determined that "an appeal from a final judgment sufficiently preserves all prior orders intertwined with the final judgment," even though they go unmentioned in the notice of appeal. *Tr. Co. of Louisiana v. N.N.P. Inc.*, 104 F.3d 1478, 1485 (5th Cir. 1997); *but see McCardell v. U.S. Dep't of Hous. & Urb. Dev.*, 794 F.3d 510, 516 (5th Cir. 2015) (finding no appellate jurisdiction because the appellant "exhibited no intent to appeal" a prior dismissal order "[b]y specifically designating only the district court's final judgment in her notice of appeal"). Hence, to the extent that Robertson Development's arguments on appeal pertain to the district court's first summary judgment order, as BlueTarp seems to imply, the notice of appeal's reference to the final judgment entered December 21, 2020 preserves our jurisdiction to hear them.

[4] Robertson Development also argues, briefly, that BlueTarp's claim had prescribed. It had not. BlueTarp sued on the parties' settlement agreement, a contract, well within the ten-year period it had to do so. *See* La. C.C. art. 3499; *Crooks v. Dep't of Nat. Res.*, 2019-0160, p.9 n.10 (La. 1/29/20), *opinion corrected on reh'g* (Apr. 9, 2020)

No. 21-30056

I.

BlueTarp Financial, Inc. furnishes builders with lines of credit to acquire supplies.  BlueTarp extended one such line of credit to Robertson Development, L.L.C.  Robertson Development used that line of credit to purchase building materials from Morrison Terrebonne Lumber Center, a hardware supplier.  Robertson Development then failed to make payments on its line of credit from BlueTarp.

Robertson Development (and its sole member, Lawrence Robertson) executed a promissory note to make good on its debt.  As relevant here, the note promised that Robertson Development would "pay to the order of BlueTarp Financial, Inc. . . . and Morrison Terrebonne Lumber Center . . . ('Payee')" an aggregate sum of $290,694.10 (plus interest) as "Past Due Balance."  The note referred to an attached "Exhibit A," which broke the $290,694.10 figure into two line items: "BTF Past Due Balance" ($184,466.49) and "MTCL [sic] Past Due Balance" ($106,227.61).[5] Robertson Development again defaulted.

Robertson Development and BlueTarp subsequently entered into a settlement agreement to which the hardware supplier was not a party. Robertson Development promised to pay BlueTarp a total of $75,000 in monthly installments to "extinguish[] all Robertson Development/Lawrence Robertson debts to . . . BlueTarp."  The agreement also provided that "[i]f for any reason Robertson Development LLC fails to make 2 consecutive payments at any time during this period, then the balance will revert . . . to

---

("Breach of contract claims are subject to a liberative prescription period of ten years as provided by La. C.C. art. 3499.").

[5] Although undefined, "BTF" evidently refers to BlueTarp Financial, and "MTCL" refers to Morrison Terrebonne Lumber Center (despite the incorrect ordering of the initials).

the original amount . . . ." The contractual term "original amount" was left undefined.

Robertson Development failed to make two consecutive payments, thereby defaulting on the settlement agreement. This triggered the contractual reversion provision. After sending a final demand letter, BlueTarp sued for the contractual "original amount," which it asserted to be the *total* past due balance stated on the face of the promissory note: $290,694.10. Responding to BlueTarp's motion for summary judgment, Robertson Development argued that BlueTarp had not established its entitlement to that full sum, which, Robertson Development asserted, "belongs to Morrison Lumber Company."[6]

The district court granted partial summary judgment on the issue of Robertson Development's liability but denied summary judgment as to BlueTarp's damages. The district court ruled *sua sponte* that, notwithstanding BlueTarp's asserted "position that 'original balance' refers to the $290,694.10 obligation on the promissory note, . . . Robertson [Development] is entitled to credit for payments made on the promissory note prior to the Settlement Agreement," citing article 2011 of Louisiana's Civil Code.[7]

BlueTarp supplemented the record with evidence of Robertson Development's payments to be credited against the "original amount" and

---

[6] Resp. to Pl.'s Mot. Summ. J. 6. *See also, e.g.*, *id.* ("BlueTarp pleadings do not establish any relationship between BlueTarp and Morrison . . . . [P]laintiff's pleadings shed no light on how defendants' open account with Morrison became a debt owned by and owed to Morrison's debt collector, Bluetarp [sic].").

[7] *See* La. Civ. Code art. 2011 ("Stipulated damages for nonperformance may be reduced in proportion to the benefit derived by the obligee from any partial performance rendered by the obligor.").

again moved for summary judgment. This time, the district court granted the motion as to damages, awarding BlueTarp the disputed "original balance" of $290,694.10 less Robertson's payments—a final figure amounting to $111,290.15, plus statutory interest. Robertson Development timely appealed.

## II.

We review *de novo* a district court's grant of summary judgment. *Med-Cert Home Care, L.L.C. v. Becerra*, 19 F.4th 828, 830 (5th Cir. 2021). "Summary judgment is only appropriate when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160 (5th Cir. 2021) (quoting Fed. R. Civ. P. 56(a)). "A fact is 'material' if it would affect the outcome of the case, and a dispute is '"genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Warren v. Fed. Nat'l Mortg. Ass'n*, 932 F.3d 378, 382–83 (5th Cir. 2019) (quoting *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018)).

Having carefully reviewed the record before us, we conclude that a genuine and material fact question precludes summary judgment as to BlueTarp's damages.[8] In rendering summary judgment below, the district court determined that the "original amount" referenced by the parties' settlement agreement was the "total past due balance" of the promissory note on which Robertson Development had defaulted: $290,694.10. This

---

[8] Robertson Development no longer disputes that it breached the parties' settlement agreement, and the district court previously granted summary judgment as to the L.L.C.'s contractual liability.

fact-contingent determination, however, was not warranted on the evidence that BlueTarp presented in moving for summary judgment.

Questions of contract interpretation are ordinarily legal in nature, but they often turn on antecedent factual questions.[9]  This case centers on the proper interpretation of the contractual term "original amount" in the parties' settlement agreement: Does it refer to the promissory note's "total past due balance" (as BlueTarp contends) or merely the sum labeled "BTF Past Due Balance"?  The answer to this legal question depends on the answer to a critical fact question: Did BlueTarp ever acquire the rights to the non-party hardware supplier's share of the promissory note's "Past Due Balance"?  Only if BlueTarp had done so would it make sense for the "original amount" of the settlement agreement to refer to the promissory note's "*total* past due balance" and not just BlueTarp's stated share thereof.

As Robertson Development argued in response to BlueTarp's initial summary judgment motion, BlueTarp pointed to no undisputed evidence that established its entitlement to the "*total* past due balance" of the underlying promissory note.  Neither of BlueTarp's two summary judgment motions (or their accompanying statements of undisputed material facts) presented evidence that BlueTarp had acquired the right to Morrison Terrebonne Lumber Center's share of the promissory note's past due balance.

On the contrary, the record amply suggests that part of the "Past Due Balance" was owed to Morrison Terrebonne Lumber Center and *not* BlueTarp: The promissory note's very first paragraph specifies "BlueTarp

---

[9] *See Cook Indus., Inc. v. Cmty. Grain, Inc.*, 614 F.2d 978, 980 (5th Cir. 1980) ("Although the interpretation of a contract is normally a question of law for the Court, that interpretation frequently depends heavily on the resolution of factual disputes. And it is the function of the trier of fact to resolve such factual disputes.").

Financial, Inc. . . . *and Morrison Terrebonne Lumber Center*" as the "Payee[s]" owed $290,694.10 *collectively* as "Past Due Balance."  In addition, the "total past due balance" was comprised of two discrete sums: one specifically designated as owed to BlueTarp, and the other designated as owed to the non-party hardware supplier.  Therefore, absent undisputed and material evidence to prove the fact of its entitlement to the latter amount, BlueTarp cannot prevail on summary judgment because the starting point for the district court's damages calculation—the proper referent of the contract's "original amount" term—remains in genuine dispute.[10]

## III.

For these reasons, the relevant "original amount" from the promissory note that Robertson Development owed BlueTarp under the settlement agreement—a highly-material fact to the issue of damages—presently remains in genuine dispute.  Accordingly, we REVERSE the district court's grant of summary judgment and REMAND for further proceedings consistent with this opinion.

---

[10] At most, BlueTarp's first summary judgment motion relied on certain admissions from Robertson Development's answer to indicate the absence of dispute as to the "original amount" under the parties' settlement agreement.  But in the L.L.C.'s answer, Robertson Development flatly denied BlueTarp's allegation that "[b]y signing the Promissory Note, Robertson Development . . . agreed to be responsible for the payment of the $290,694.10 account balance."